■ In the Matter of RONALD DINELLE, Respondent, v WORK-SHOP, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed December 14, 1990, which ruled that claimant was entitled to concurrent awards for a

serious facial disfigurement and a permanent partial disability classification.

The employer challenges a decision of the Workers' Compensation Board which approved a serious facial disfigurement award to a claimant who also received an award for a permanent partial disability. Claimant sustained injuries to his head and left elbow in a single work-related accident. The head injury required stitches and eventually healed, leaving a permanent scar above claimant's left eyebrow. As a result of the elbow injury, claimant experienced constant pain and restricted motion in the elbow, along with numbness and weakened gripping function in the left hand. Claimant was found to have a permanent facial scar and a permanent partial disability due to the left elbow injury. An award was made for the serious facial disfigurement pursuant to Workers' Compensation Law § 15 (3) (t) and a separate award was made for the permanent partial disability resulting from the left elbow injury. On appeal by the employer, the Workers' Compensation Board concluded that the facial disfigurement award was permissible so long as it was paid in weekly installments and the combined installments of the two awards did not exceed the maximum rate for a permanent partial disability.

Workers' Compensation Law § 15 (3) contains a schedule of awards for permanent partial disability caused by the loss of specific members, such as an arm or leg, or certain functions, such as hearing or vision. An award based upon serious facial disfigurement is included in the schedule (Workers' Compensation Law § 15 [3] [t]). Workers' Compensation Law § 15 (3) (u) provides that in the case of the loss or loss of use of more than one member covered by the schedule awards contained in paragraphs (a) through (t) of section 15 (3), but not amounting to permanent total disability, awards shall be made "for the loss or loss of use of each such member or part thereof, which awards shall run consecutively". Workers' Compensation Law § 15 (3) (w) provides for awards in all "other cases" of permanent partial disability which do not fall within the schedule of awards contained in paragraphs (a) through (t) of section 15 (3). Workers' Compensation Law § 15 (6) sets maximum and minimum awards for permanent partial disabilities.

The employer relies upon *Matter of Freeland v Endicott Forging & Mfg. Co.* (233 App Div 440), which held that an award for serious disfigurement cannot be made in connection with an award under the "other cases" provision because an

award for facial disfigurement is based upon earning capacity and an "other cases" award covers all loss of earning capacity that has been sustained. The brief on appeal submitted on behalf of the Board concedes the vitality of the holding in the *Freeland* case, which has been followed in subsequent cases *(see, e.g., Matter of Gallman v Walt's Tree Serv.,* 43 AD2d 419), but contends that this case is distinguishable because claimant sustained separate and distinct injuries, one to his face and one to his elbow, each of which affected his earning capacity.

Because the Board's decision is patently inadequate, we do not reach the question of whether an award for facial disfigurement can be made in addition to an award made under the "other cases" provision when a claimant sustains separate and distinct injuries in a single work-related accident. Although the brief submitted on behalf of the Board does not dispute the employer's assertion that that award for claimant's elbow injury was made pursuant to the "other cases" provision and was a nonschedule award, there is nothing in either the Board's decision or the record to explain the basis or the authority for that award. It appears that claimant's elbow injury resulted in a partial loss of use of the left arm, which would be compensable as a schedule award pursuant to Workers' Compensation Law § 15 (3) (a) and (s). If so, there is express statutory authority for an additional award for the serious facial disfigurement, although the "awards shall run consecutively" (Workers' Compensation Law § 15 [3] [u]). The inadequacy in the Board's decision lies in its failure to discuss the applicability of Workers' Compensation Law § 15 (3) (a), (s) and (u), and to articulate a rational basis for making a nonschedule award for the elbow injury instead of a schedule award. If, in fact, a nonschedule award is determined to be appropriate, and there exists a rational basis for that determination, an additional award for serious facial disfigurement appears to conflict with a prior Board decision in a similar case *(Matter of Paige v Hill,* WCB No. 6790-7733) and, therefore, an explanation for the departure from the prior decision would be required *(see, Matter of Caldas v 86 Alda Rest.,* 167 AD2d 594). The appropriate remedy for the inadequacy in the Board's decision is to reverse the decision and remit the matter to the Board for the purpose of rendering a decision that will be adequate to permit intelligent judicial review *(see, supra)*.

Levine, J. P., Mercure and Mahoney, JJ., concur. Ordered that the decision is reversed, with costs against the Workers' Compensation Board, and matter remitted to the Workers'

Compensation Board for further proceedings not inconsistent with this court's decision.