■ In the Matter of the Claim of WALTER DUKES, JR., Appellant, v CAPITOL FORMATION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [623 NYS2d 364] —Crew III, J. Appeals (1) from a decision of the Workers' Compensation Board, filed June 7, 1993, which denied claimant's application to set aside a stipulated settlement, and (2) from a decision of said Board, filed August 19, 1993, which, *inter alia,* denied claimant's application for reconsideration.

Claimant was injured in an automobile accident on November 9, 1971 while on a business trip for his employer. Claimant was found to have sustained a compensable injury and medical treatment, including surgery and hospitalization, was authorized. Thereafter, claimant contended, *inter alia,* that the workers' compensation carrier was not paying his medical bills and, over the next 20 years, numerous hearings were held on this and related compensation issues. The parties ultimately entered into a stipulated settlement, which was incorporated into a decision made by a Workers' Compensation Law Judge (hereinafter WCLJ), whereby claimant, *inter alia,* accepted a $75,000 lump-sum settlement under Workers' Compensation Law § 15 (5-b). The WCLJ thereafter denied claimant's application to set aside the stipulation and the Workers' Compensation Board affirmed that decision. Claimant then applied for reconsideration or reopening of his claim and the Board, treating the application as one for full Board review, denied claimant's request. These appeals by claimant followed.

Initially, we note that claimant's appeal from the Board's June 7, 1993 decision affirming the WCLJ's denial of claimant's application to set aside the stipulation is untimely. The record indicates that claimant had notice of the Board's decision no later than June 18, 1993, and claimant had 30 days from that date to file his notice of appeal *(see,* Workers' Compensation Law § 23; *Matter of Roscoe v New York Tel. Co.,* 125 AD2d 881, 882). In this regard, it is well settled that "a request for full Board review does not toll the statutory time period within which to file an appeal" *(Matter of Kuk v General Elec. Co.,* 147 AD2d 813, *lv dismissed, lv denied* 74 NY2d 758; *see, Matter of Roscoe v New York Tel. Co., supra),* and an appeal from a denial of a request for reconsideration does not bring up for review the merits of the underlying

decision *(see generally, Matter of Ziskind v Green Thumb Spray Corp.,* 207 AD2d 933; *Matter of Pressler v Maner Mfg.,* 72 AD2d 629, *lv denied, lv dismissed* 49 NY2d 709, 1044). Accordingly, claimant's notice of appeal filed in September 1993 is untimely as to the June 7, 1993 decision. Moreover, even assuming the Board's June 7, 1993 decision was properly before us, we would conclude, for the reasons that follow, that claimant's application to set aside the stipulation was properly denied.

Turning to the Board's August 19, 1993 decision, we note that when reviewing the denial of a request for a rehearing *(see, Matter of Clarke v Rockland County,* 194 AD2d 1017), reconsideration *(see, Matter of Garafolo v Arms Hills Supermarkets,* 87 AD2d 937) or full Board review where, as here, there has been no dissent from the Board panel decision *(see, Matter of Compton v Kenlu Cab Co.,* 147 AD2d 825), our inquiry is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner. Based upon our review of the relevant portions of the record, we cannot say that the Board abused its discretion in denying claimant's application in this regard and, as such, its decision must be affirmed.

In accordance with the relevant regulations, the grounds for seeking a rehearing or review are relatively narrow; a rehearing may be granted only on the basis of, *inter alia,* newly discovered evidence *(see,* 12 NYCRR 300.14 [a]) and review of a WCLJ decision incorporating a stipulation such as the one at issue here may be denied unless there is a showing of fraud, collusion or mistake, or for other good cause *(see,* 12 NYCRR 300.13 [e] [1] [iv]). Although claimant contends, *inter alia,* that he was coerced into signing the stipulation and that certain documents, which allegedly contained additional portions of the settlement agreement that were not present in the stipulation before the Board, were removed from his file, his argument on these points is belied by the record. A review of the transcript reveals that claimant was aware of all of the terms of the stipulation, that all relevant terms indeed were incorporated into the stipulation and that claimant voluntarily signed the stipulation *(see generally,* 12 NYCRR 300.5 [a] [2]). Additionally, to the extent that claimant contends that the stipulation illegally reclassified his condition from one of total disability to one of permanent partial disability, the record indicates that the parties agreed to this reclassification as part of the stipulation. Accordingly, we see no basis for disturbing the Board's decision in this regard. Claimant's

remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the appeal from decision filed June 7, 1993 dismissed, as untimely, without costs. Ordered that the decision filed August 19, 1993 is affirmed, without costs.