■ In the Matter of the Claim of ROBERT STABAK, Appellant, v ISS INTERNATIONAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.) [670 NYS2d 242] —Spain, J. Appeals from three decisions of the Workers' Compensation Board, filed March 30, 1995, June 11, 1996 and November 19, 1996, which, *inter alia*, ruled that claimant's Workers' Compensation Law § 120 claim was not timely filed.

Claimant was employed as a maintenance worker for the employer on November 15, 1991, when he claims he was injured after slipping on a wet floor. Claimant apparently did not report this injury to his employer. On December 13, 1991, claimant was fired from his job. Claimant first sought medical attention for his claimed injuries in March 1992. Thereafter, claimant filed a claim for workers' compensation benefits. Following a hearing, the Workers' Compensation Board, in a decision filed March 30, 1995, disallowed the claim on the basis that claimant gave insufficient notice of the accident to his employer and his employer was prejudiced by this lack of notice. In February 1996, claimant requested reconsideration or full Board review of that decision and this request was denied by a letter decision dated June 11, 1996.

In the meantime, in October 1995, claimant filed a separate claim pursuant to Workers' Compensation Law § 120, alleging that his December 1991 termination was a discriminatory and retaliatory discharge stemming from his November 1991 injury. By decision filed November 19, 1996, the Board dismissed this second claim as untimely filed. Claimant now purports to appeal from the Board decisions filed March 30, 1995, June 11, 1996 and November 19, 1996.

Initially, we note that claimant's appeal from the Board's March 30, 1995 decision is untimely. There is nothing in the record that would indicate that claimant did not receive timely notice of this determination yet claimant did not file his notice of appeal until October 1995 (*see*, Workers' Compensation Law § 23). Accordingly, claimant's appeal from this decision must be dismissed (*see*, *Matter of Dukes v Capitol Formation*, 213 AD2d 756, *lv dismissed* 86 NY2d 810, *appeal dismissed and lv denied* 87 NY2d 891).

Turning to the Board's June 1996 denial of claimant's request for reconsideration or full Board review, it is well settled that in situations such as this, "our inquiry is limited to whether the Board abused its discretion or acted in an

arbitrary and capricious manner" (*id.*, at 757). Upon review of the relevant information in the record and the items submitted by claimant in support of his application, we cannot conclude that the Board abused its discretion in denying claimant's application; therefore, this decision must be affirmed.

Finally, with respect to the dismissal of claimant's discrimination claim, we conclude that the record supports the Board's decision that this claim was untimely filed. Pursuant to Workers' Compensation Law § 120, "[a]ny complaint alleging * * * an unlawful discriminatory practice must be filed within two years of the commission of such practice". Since claimant essentially alleges that he was discriminated against in December 1991 when he was fired and his discrimination claim was not filed until October 1995, we find no basis for disturbing the Board's decision in this regard.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the appeal from the decision filed March 30, 1995 is dismissed, as untimely, without costs. Ordered that the decisions filed June 11, 1996 and November 19, 1996 are affirmed, without costs.