◼ In the Matter of the Claim of HAROLD J. SHELL, JR., Appellant, v POUGHKEEPSIE HOUSING AUTHORITY et al., Respon-

dents. WORKERS' COMPENSATION BOARD, Respondent. [714 NYS2d 547] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed April 5, 1999, which denied claimant's request for reconsideration.

Claimant suffered the amputation of two toes as the result of a lawn mowing accident while employed by the Poughkeepsie Housing Authority (hereinafter the employer) in July 1994. Based on an August 1994 examination, claimant's treating physician concluded that plaintiff had a permanent 50% loss of function in his right foot. In a report issued in November 1994, the medical consultant for the employer's workers' compensation carrier noted plaintiff's condition as a "marked, partial disability". The Workers' Compensation Board held a hearing in March 1995 and the carrier was directed to pay total disability benefits of $146.67 per week through November 1994, and partial disability benefits of $110 per week thereafter.

The carrier subsequently requested the suspension of benefits after plaintiff failed to appear at two medical examinations in the spring of 1995. Another hearing ensued in July 1995 and, although claimant was not present at this proceeding, he was represented by counsel. By notice of decision filed on August 2, 1995, claimant's payments were suspended due to his failure to submit to a physical examination.

The following month, claimant was arraigned on criminal charges and he remained incarcerated throughout the prosecution that followed, which culminated in his sentencing in June 1996 to a prison term of 25 to 50 years. While the criminal matter was pending, claimant retained new counsel to handle his workers' compensation claim. The carrier sought a status update and a continuance was granted to allow both parties to secure additional information regarding the permanency of claimant's injuries. At a hearing in April 1997, claimant's counsel produced a brief report by his treating physician based on the November 1994 examination, which reiterated the opinion that claimant sustained a permanent 50% loss of function in his right foot. However, the carrier was unable to schedule a physical examination due to claimant's incarceration. By decision filed April 23, 1997, the Workers' Compensation Law Judge closed claimant's case until his release from incarceration, at which time he would presumably be able to be examined by the carrier's medical consultant. The Board affirmed the decision in September 1997. In January 1998, claimant sent correspondence requesting reconsideration of the decision. Claimant was informed by letter dated April 5, 1999 that neither full Board review nor reconsideration was warranted. Claimant now appeals.

Initially, we examine whether claimant's appeal is timely. Workers' Compensation Law § 23 provides that a notice of appeal must be filed within 30 days after notice of the decision of the Board (*see, Matter of Stabak v ISS Intl.*, 248 AD2d 814, *lv dismissed and denied* 92 NY2d 891). A request for reconsideration does not toll this statutory time period and "an appeal from a denial of a request for reconsideration does not bring up for review the merits of the underlying decision" (*Matter of Dukes v Capitol Formation*, 213 AD2d 756, 756-757, *lvs dismissed* 86 NY2d 810, 87 NY2d 891). Here, claimant filed a notice of appeal dated April 19, 1999, within the time required for review of the April 5, 1999 determination, but the record contains no indication that claimant filed a timely notice of appeal from any of the previous decisions, including the Board's September 30, 1997 determination affirming the decision of the Workers' Compensation Law Judge. Accordingly, claimant's appeal is untimely insofar as claimant seeks review of the initial benefit award, the subsequent suspension of benefits, and the decision closing the case pending his release from prison.

Indeed, the only matter properly before us is the propriety of the April 5, 1999 denial of claimant's request for reconsideration. It is well established that a decision denying reconsideration will not be disturbed unless the Board abused its discretion or acted in an arbitrary or capricious manner (*see, Matter of Saczawa v United Parcel Serv.*, 236 AD2d 656, 657; *Matter of Dukes v Capitol Formation, supra*, at 757). As claimant failed to produce newly discovered evidence or otherwise articulate a reason for reconsideration beyond his general claim of error (*see*, 12 NYCRR 300.14), and the record provides no basis to support an abuse of discretion, we decline to disturb the Board's decision denying claimant's request.

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.