■ In the Matter of the Claim of MICHAEL DOHERTY, Respondent, v COLGATE UNIVERSITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [770 NYS2d 899]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 2, 2002, which denied the employer's application for reconsideration and/or full Board review of a prior decision in favor of claimant.

In September 1997, claimant sustained a tear in the medial meniscus of his right knee in the course of his employment as a school soccer coach. Ultimately, a Workers' Compensation Law Judge adjudicated claimant with a 25% schedule loss of use of his right leg, entitling him to 72 weeks of benefits and authorizing medical treatment and care as necessary. This decision was affirmed by a Workers' Compensation Board panel. The employer's subsequent application for reconsideration and/or full Board review was denied, prompting this appeal.

As the employer appeals only from the denial of its request for reconsideration and/or full Board review, the merits of the Board's underlying decision are not properly before us (*see Matter of Palma v New York City Dept. of Corrections*, 301 AD2d 774 [2003]; *Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826 [2002]). Hence, our review is limited to whether there was an abuse of the Board's discretion or whether it acted in an arbitrary or capricious manner in deny-

ing the employer's request for reconsideration and/or full Board review (*see Matter of Thompson v General Motors Corp./Delphi Harrison*, 276 AD2d 820, 821 [2000]). We find none. The opportunity to cross-examine a physician whose report has been incorporated into the record is contingent upon the request having been made in a timely fashion, which, in this matter, it was not (*see Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 611 [2002]), and the employer failed to provide a reasonable explanation for this lapse (*see Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757, 758 [1998]).

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.