In the Matter of the Claim of PATRICIA (TAD BARTIMUS) WARINER, Appellant, v ASSOCIATED PRESS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [784 NYS2d 716]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 5, 2002, which denied claimant's application for reconsideration and/or full Board review of a prior decision ruling that claimant's disability did not arise out of and in the course of her employment.

Claimant worked as a war correspondent in and around Vietnam from 1973 to 1974. While there, claimant experienced multiple health problems, and was hospitalized upon her return to the United States in 1974. Claimant sought workers' compensation benefits after she was diagnosed as suffering from lupus in 1992, which the employer's medical director suspected had been caused by exposure to Agent Orange while in Vietnam. That doctor admitted, and the workers' compensation carrier's doctor concurred, that the cause of lupus is unknown and that there have been no studies linking exposure to Agent Orange to the development or exacerbation of lupus. Further, claimant provided no details of her alleged exposure to toxins, including Agent Orange, while in Vietnam. A Workers' Compensation Law Judge found that the claim was not compensable, and claimant appealed. The Workers' Compensation Board, in a decision filed April 2, 2002, agreed that the claim was not compensable, as claimant failed to show that her lupus arose out of and in the course of her employment. Claimant then applied for reconsideration and/or full Board review, which was denied in a decision filed November 5, 2002. Claimant appeals from the November 2002 decision.

Initially, as claimant appeals only from the Board's decision denying reconsideration and/or full Board review, the merits of the Board's underlying April 2002 decision are not properly before us (see Matter of Doherty v Colgate Univ., 3 AD3d 810, 810 [2004]; Matter of Kozak v SUNY at Old Westbury, 2 AD3d 1146 [2003]). Thus, our review is limited to "whether the denial of claimant's application for full Board review was arbitrary and capricious or an abuse of discretion" (Matter of Graham v Pathways, Inc., 305 AD2d 830, 831 [2003], lv dismissed 1 NY3d

564 [2003]). The Board fully considered the issues raised by claimant in her application, including whether her lupus was causally connected to her employment and, as claimant points to no new evidence that could not have been produced earlier, the Board's denial of her application was neither arbitrary and capricious nor an abuse of discretion (*see id.*). Moreover, were we to reach the merits of the Board's April 2002 decision, we would find that it is supported by substantial evidence.

We have examined claimant's remaining arguments and find they are without merit.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.