■ In the Matter of the Claim of Mary Lou Carroll, Appellant, v Barbara Brennan, Inc., Respondent. Workers' Compensation Board, Respondent. [785 NYS2d 752]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 24, 2003, which denied claimant's application for reconsideration and/or full Board review of a prior decision ruling that the employer did not discriminate against claimant in violation of Workers' Compensation Law § 120.

Claimant was injured after falling at work on September 17, 1996 and was awarded workers' compensation benefits as a result. Claimant was discharged in the fall of 1996, although whether she was terminated before or after her injury is in dispute. Claimant then filed a complaint with the Workers' Compensation Board, alleging that she had been discharged because she filed a workers' compensation claim. After several days of hearings, a Workers' Compensation Law Judge credited testimony that claimant was terminated due to her supervisor's dissatisfaction with her work, and found that claimant's termination was unrelated to the filing of a workers' compensation claim. Claimant appealed, and the Workers' Compensation Board, in a decision filed August 12, 2002, affirmed. No appeal from that decision was taken. Claimant requested reconsideration and/or full Board review, which was denied in a decision filed July 24, 2003. Claimant appeals from that decision.

Claimant's timely appeal from the Board's denial of her request for reconsideration and/or full Board review "does not bring up for review the merits of the underlying decision" (*Matter of Dukes v Capitol Formation*, 213 AD2d 756, 756-757 [1995], *lv dismissed* 86 NY2d 810 [1995], *appeal dismissed* 87 NY2d 891 [1995]; *see* Workers' Compensation Law § 23; *Matter of Shell v Poughkeepsie Hous. Auth.*, 276 AD2d 843, 845 [2000], *lv dismissed* 96 NY2d 731 [2001]). As such, our review is limited to whether claimant's request for reconsideration and/or full Board review was properly denied, a decision which we will not disturb "unless the Board abused its discretion or acted in an arbitrary or capricious manner" (*Matter of Shell v Poughkeepsie Hous. Auth., supra* at 845; *see Matter of Doherty v Colgate Univ.*, 3 AD3d 810 [2004]). Here, claimant sought to again contest the credibility determination of the Board, but provided no new evidence that would alter its finding that claimant had not been discriminated against as a result of her workers' compensation claim. As such, we find no abuse of discretion in the Board's decision to deny claimant's request for reconsideration and/or full Board review (*see Matter of Kozak v SUNY at Old Westbury*, 2 AD3d 1146 [2003]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.