■ In the Matter of the Claim of JOHN CUCCI, III, Respondent, v REXER's TANG SOO DO KARATE ACADEMY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 292]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 10, 2005, which ruled that claimant was entitled to an award for serious facial disfigurement.

Claimant was injured in December 2001 when the piece of plate glass he was carrying in the course of his employment shattered causing a severe laceration to his neck.[1] Although this laceration resulted in what the Workers' Compensation Law Judge characterized as "a terrible scar," he concluded that because such scar was entirely below claimant's jaw, claimant was not entitled to an award for facial disfigurement under Workers' Compensation Law § 15 (3) (t). Claimant appealed and, following oral argument, at which time a panel of the Workers' Compensation Board observed claimant's scar, the Board panel modified the prior decision, concluding that claimant's scar fell within the compensable region set forth in Workers' Compensation Law § 15 (3) (t) (2) and awarding claimant $10,000. This appeal by the employer and its workers' compensation carrier ensued.

Preliminarily, a review of the Board panel's decision plainly reveals that the underlying award was made pursuant to Workers' Compensation Law § 15 (3) (t) (2) and, as such, the issue of whether claimant sustained a serious disfigurement within the meaning of the remaining statutory subdivisions need not detain us. Turning to the subdivision at issue, Workers' Compensation Law § 15 (3) (t) (2) provides as follows: "The [B]oard, if in its opinion the earning capacity of an employee has been or may in the future be impaired, may award compensation for any serious disfigurement in the region above the sterno clavicular articulations anterior to and including the region of the sterno cleido mastoid muscles on either side, but no award under subdivisions one and two shall, in the aggregate, exceed [$20,000]." Although the employer and its carrier contend that there is a question of fact as to whether claimant's injury fell within the neck region described in Workers' Compensation Law § 15 (3) (t) (2), given the photographic evidence contained in the record, and in light of the Board panel's direct observations of claimant, we cannot say that the record as a whole fails to support the Board's finding that claimant sustained a serious disfigurement and that the resulting scar, in turn, fell within the compensable region set forth in the cited statute. Noticeably

---

**1.** Claimant also sustained an injury to one of the fingers on his left hand and received a 15% schedule loss of use award, the propriety of which is not at issue on appeal.

absent from the Board panel's decision, however, is any mention of the impact of such disfigurement upon claimant's present or future earning capacity.[2] To be sure, the statute on its face affords the Board significant latitude in determining whether a particular injury has affected or may in the future affect a claimant's earning capacity, and we are well aware of the distinction between being able to work and being able to find work based upon one's physical appearance (*see Matter of Sweeting v American Knife Co.*, 226 NY 199, 204 [1919] [Pound, J., concurring], *affd sub nom. New York Central R. Co. v Bianc*, 250 US 596 [1919]). However, the Board panel's decision contains neither a finding that claimant's present or future earning capacity has been or may be impaired as a result of his disfigurement nor any facts from which such conclusion reasonably could be inferred. Under such circumstances, intelligent appellate review of the Board panel's decision to award claimant compensation under Workers' Compensation Law § 15 (3) (t) (2) is not possible and, accordingly, we reverse and remit this matter to the Board for the purpose of rendering a decision that will permit meaningful judicial review (*see Matter of Dinelle v Workshop, Inc.*, 181 AD2d 969, 971 [1992]).

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for future proceedings not inconsistent with this Court's decision.

2. Claimant presently is employed in a family-run business.