■ In the Matter of the Claim of MARIAN EARNEST, Appellant, v J.P. MOLYNEUX STUDIO, LTD., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [852 NYS2d 401]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed August 1, 2006, which denied claimant's application for reconsideration and/or full Board review of a prior decision finding that claimant did not suffer a compensable injury.

---

Claimant was employed as a secretary for an interior design company when, on March 7, 2003, she allegedly injured her back while lifting a box. A Workers' Compensation Law Judge ruled that claimant did not suffer a compensable injury and disallowed the claim. The Workers' Compensation Board, in a decision filed January 12, 2006, affirmed the decision of the Workers' Compensation Law Judge and closed the case. No appeal was taken from that decision. Thereafter, claimant applied for reconsideration and/or full Board review of the January 12, 2006 decision. Her application was denied and claimant now appeals.

We affirm. As claimant has appealed from only the Board's denial of her application for reconsideration and/or full Board review, the merits of the January 12, 2006 decision are not before us (*see Matter of Nikolaeva v Cattaraugus County Nursing Home*, 37 AD3d 969, 969 [2007]; *Matter of Marks v Evergreen Country Club*, 27 AD3d 914, 915 [2006]). As a result, our review is limited to whether the denial of claimant's application for reconsideration or full Board review was arbitrary and capricious or otherwise constituted an abuse of discretion (*see Matter of Nikolaeva v Cattaraugus County Nursing Home*, 37 AD3d at 969; *Matter of Bromley v Rich Aluminum & Vinyl Siding, Inc.*, 19 AD3d 895, 896 [2005]). As the Board fully considered issues raised by claimant in her application for reconsideration and/or full Board review, and claimant presented no new evidence that was not previously available, we find that the Board's denial of her application was neither arbitrary and capricious nor an abuse of discretion (*see Matter of Wariner v Associated Press*, 12 AD3d 863, 864 [2004]; *Matter of Graham v Pathways, Inc.*, 305 AD2d 830, 831 [2003], *lv dismissed* 1 NY3d 564 [2003]).

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.