■ In the Matter of the Claim of JOHN ROBINSON, Appellant, v INTERSTATE NATIONAL DEALER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [856 NYS2d 694]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed August 1, 2006, which denied claimant's application for reconsideration and/or full Board review.

Claimant sustained a work-related injury in May 2000, was subsequently classified as permanently partially disabled and various awards were made. At a hearing conducted in January 2004, the employer's workers' compensation carrier invoked Workers' Compensation Law §§ 114 and 114-a, contending that claimant had returned to work without disclosing that information. Following additional hearings and an extensive review of the voluminous record, a Workers' Compensation Law Judge ruled that claimant violated Workers' Compensation Law § 114-a by providing false testimony and knowingly giving false responses to a recertification questionnaire filed on November 13, 2003 and disqualified claimant from receiving indemnity payments subsequent to that date. By decision filed January 30, 2006, a panel of the Workers' Compensation Board affirmed. Claimant did not appeal from that decision. Thereafter, in February 2006, claimant applied for reconsideration and/or full Board review of the Board's January 2006 decision. The Board denied claimant's application, prompting this appeal.

We affirm. As claimant appeals from only the denial of his request for reconsideration and/or full Board review, the merits of the Board's January 2006 decision are not properly before us (*see Matter of Molina v Lopano*, 47 AD3d 1083, 1084 [2008]; *Matter of Marks v Evergreen Country Club*, 27 AD3d 914, 915 [2006]). Accordingly, our review is limited to whether the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's application (*see Matter of Doherty v Colgate Univ.*, 3 AD3d 810, 810-811 [2004]).

Here, claimant failed to set forth any compelling reason or new evidence that would warrant granting his application for reconsideration and/or full Board review. Rather, a review of that application reveals that claimant merely reargued the very issues that were thoroughly considered, addressed and decided by the Board in its January 2006 decision. To the extent that claimant argues that certain witnesses were not credible or that he was not afforded a fair hearing, his remedy was to appeal the Board's January 2006 decision, which he failed to do. Under such circumstances, we cannot say that the Board abused its discretion or acted in an arbitrary or capricious manner in denying his application.

Cardona, P.J., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.