■ In the Matter of the Claim of ADDIE BARBER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [857 NYS2d 284]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 29, 2007, which denied claimant's application for reconsideration and/or full Board review.

Claimant sustained a work-related injury in 1994 and

subsequently was awarded benefits at the moderate partial disability rate for the period January 31, 1996 through September 15, 2000. By decision filed March 20, 2006, a panel of the Workers' Compensation Board affirmed, finding that there was insufficient medical evidence to support claimant's contention that she was totally disabled as of 1994. That decision was without prejudice to claimant reopening her claim and submitting additional medical evidence as to the level of her disability after her back surgery in July 1998. Claimant did not appeal from that decision.

Additional testimony was presented and, in July 2006, a Workers' Compensation Law Judge modified the prior award with regard to certain periods after July 13, 1998. In August 2006, claimant applied for reconsideration and/or full Board review of the Board's March 2006 decision seeking an increased disability rate for the period January 31, 1996 through July 13, 1998.* The Board denied claimant's application, prompting this appeal.

We affirm. As claimant appeals only from the denial of her request for reconsideration and/or full Board review, the merits of the Board's March 2006 decision are not properly before us (*see Matter of Molina v Lopano*, 47 AD3d 1083, 1084 [2008]; *Matter of Doherty v Colgate Univ.*, 3 AD3d 810 [2004]). Accordingly, our review is limited to whether the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's application (*see Matter of Doherty v Colgate Univ.*, 3 AD3d at 810-811).

Here, the very issue claimant attempts to raise on appeal—namely, whether she was totally disabled as of 1994—was addressed and decided by the Board in its March 2006 decision following review of the extensive record then before it. Insofar as she now takes issue with the Board's factual findings or contends that she should have been permitted to introduce additional medical testimony as to the nature of her disability between January 31, 1996 and July 13, 1998, we need note only that her remedy in this regard was to appeal the Board's March 2006 decision, which she failed to do. As she raises no other issue, we cannot say that the Board abused its discretion or acted in an arbitrary or capricious manner in denying her application.

Cardona, P.J., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Although the actual application seeks review of the period from January 1, 1997 to July 12, 1998, claimant's brief addresses, and the relevant time period under review indeed appears to be, January 31, 1996 through July 13, 1998.