■ In the Matter of the Claim of SHERMAN GREEN, Appellant, v KIMBER MANUFACTURING, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [872 NYS2d 750]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed April 3, 2007, which denied claimant's application for reconsideration and/or full Board review.

In May 2003, claimant applied for workers' compensation benefits based upon a work-related injury that occurred in

October 2002, but did not render him disabled until December 2002. Following a hearing, a Workers' Compensation Law Judge established the claim and awarded benefits. By decision filed in June 2006, the Workers' Compensation Board reversed, finding that claimant had failed to provide the employer with timely notice of his work-related injury, which prejudiced the employer's ability to investigate the claim and, even if notice had been timely provided, claimant had failed to establish a compensable injury. Claimant did not appeal from that decision, but subsequently applied for reconsideration and/or full Board review. The Board denied claimant's application, prompting this appeal.

We affirm. Inasmuch as claimant appeals from only the denial of his request for reconsideration and/or full Board review, the merits of the Board's June 2006 decision are not properly before us (*see Matter of Barber v New York City Tr. Auth.*, 50 AD3d 1402, 1403 [2008]; *Matter of Robinson v Interstate Natl. Dealer*, 50 AD3d 1325, 1326 [2008]). Rather, our review is confined to whether the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's application (*see Matter of Barber v New York City Tr. Auth.*, 50 AD3d at 1403; *Matter of Molina v Lopano*, 47 AD3d 1083, 1084 [2008]).

In his application, claimant argued that further development of the record, in the form of medical records from 2002 and the testimony by two of his treating physicians, was necessary. The proffered evidence, however, was not new evidence that was previously unavailable at the time of the hearing (*see Matter of Hyland v Matarese*, 56 AD3d 841, 844 [2008]; *Matter of Rambally v Greenberg*, 14 AD3d 742, 743 [2005]), nor does it address the issue of lack of timely notice of the injury to the employer. Moreover, although claimant now takes issue with the Board's findings of fact and credibility determinations in its June 2006 decision, we note that his remedy was to appeal that decision (*see Matter of Barber v New York City Tr. Auth.*, 50 AD3d at 1403; *Matter of Robinson v Interstate Natl. Dealer*, 50 AD3d at 1326), which he failed to do. Accordingly, we cannot conclude that the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's application.

Mercure, J.P., Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.