(August 20, 2009)

■ In the Matter of the Claim of JOHN D'ERRICO, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTIONS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [883 NYS2d 828]—

Mercure, J.P. Appeals (1) from a decision of the Workers' Compensation Board, filed April 20, 2007, which ruled that claimant did not sustain an injury in the course of his employment and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed January 23, 2008, which denied claimant's request for reconsideration or full Board review.

In 2002, claimant was diagnosed with severe major depressive disorder with psychotic features, post-traumatic stress disorder and panic disorder with agoraphobia. Claimant sought workers' compensation benefits, asserting that his illness was caused by his exposure to violent incidents in the course of his employment as a maintenance worker for the New York City Department of Corrections. The Workers' Compensation Board ultimately denied the claim, concluding that claimant was not exposed to a greater amount of work-related stress than that normally experienced by similarly situated employees at correctional facilities. Claimant's subsequent application for full Board review and/or reconsideration was denied.

Claimant separately appealed from both the underlying decision denying his application for benefits and the denial of full

Board review, but he failed to timely perfect his appeal from the underlying decision. Thus, the merits of that decision are not properly before us (*see Matter of Robinson v Interstate Natl. Dealer*, 50 AD3d 1325, 1326 [2008]; *Matter of Dukes v Capitol Formation*, 213 AD2d 756, 756-757 [1995], *lv dismissed* 86 NY2d 810 [1995], *appeal dismissed* 87 NY2d 891 [1995]). Rather, inasmuch as the underlying determination was unanimous, the sole question before us is limited "to whether the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's [subsequent] application" for full Board review or reconsideration (*Matter of Green v Kimber Mfg., Inc.*, 59 AD3d 782, 783 [2009], *lv dismissed* 12 NY3d 865 [2009]; *see Matter of Barber v New York City Tr. Auth.*, 50 AD3d 1402, 1403 [2008]; *see also Matter of Lehsten v NACM-Upstate N.Y.*, 93 NY2d 368, 372 [1999]).

In that regard, the grounds for seeking review or reconsideration are narrow; the movant must generally show that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination (*see Matter of Wariner v Associated Press*, 12 AD3d 863, 864 [2004]; *Matter of Graham v Pathways, Inc.*, 305 AD2d 830, 831 [2003], *lv dismissed* 1 NY3d 564 [2003]; *Matter of Dukes v Capitol Formation*, 213 AD2d at 757; *see also* 12 NYCRR 300.14 [a]). The rare instances in which we have found that the Board abused its discretion in denying an application for reconsideration have involved its disregard of either newly discovered evidence or a material change in conditions (*see e.g. Matter of Thomas v Zabriskie Motors*, 83 AD2d 696, 696-697 [1981]; *Matter of Barrow v Loon Lake Hotel*, 3 AD2d 783, 783-784 [1957]; *Matter of McLaskey v City of New York*, 277 App Div 1068, 1068-1069 [1950]). In contrast, we have repeatedly held that the Board properly rejected applications for reconsideration or full Board review where such evidence did not exist or the relevant issues were considered in the original decision (*see e.g. Matter of Barber v New York City Tr. Auth.*, 50 AD3d at 1403; *Matter of Carroll v Barbara Brennan, Inc.*, 12 AD3d 924, 925 [2004], *lv dismissed* 4 NY3d 794 [2005]; *see also Matter of Wariner v Associated Press*, 12 AD3d at 864; *Matter of Howard v New York Times*, 302 AD2d 698, 699-700 [2003], *lv dismissed and denied* 100 NY2d 531 [2003]).

Here, claimant did not seek to present newly discovered evidence or allege a material change in conditions, and the Board's decision not to revisit an issue that it had fully considered and resolved cannot be deemed arbitrary and capricious. The posi-

tion taken by the dissent—urging remittal based upon a determination that the Board's discussion of the issues was conclusory and not fully developed—is grounded solely upon dissatisfaction with the Board's analysis in the underlying determination denying benefits and, therefore, constitutes an inappropriate assessment of the merits of that determination. Indeed, the dissent emphasizes that the issue of claimant's proper classification was squarely posed by the determination of the Workers' Compensation Law Judge (hereinafter WCLJ) that claimant appealed to the Board. In our view, the record and, in particular, the Board's decision—which, after noting that the WCLJ had concluded that the class of workers to which claimant belonged was "the average worker for the City of New York," nevertheless set forth the Board's finding that the proper classification was "other employees in the ordinary course of employment at a correctional facility"—is adequate to permit "intelligent appellate review" of the sole question before us (*Matter of Cucci v Rexer's Tang Soo Do Karate Academy*, 34 AD3d 887, 889 [2006]). That is, we have no difficulty discerning that the Board fully considered the issue of claimant's proper classification, and we are readily able to perceive the manner in which the Board resolved this issue (*cf. id.* at 889; *Matter of Dinelle v Workshop, Inc.*, 181 AD2d 969, 971 [1992]). Evidently, claimant himself is also well aware of the Board's determination in this regard inasmuch as he concedes that all of the evidence needed for resolution of his claim was placed on the record, and asserts that the sole matter to be ruled upon by this Court is the "correctness" of the underlying determination. As noted above, however, the merits of the underlying determination are not properly before us given claimant's failure to timely perfect his appeal from that determination.

In short, because we find no abuse of discretion in the Board's decision denying full Board review, we affirm. Rose and Malone Jr., JJ., concur.

Garry, J. (dissenting). We respectfully dissent. While fully recognizing that our review is significantly limited in scope, we nonetheless find that remittal is required. Contrary to the majority's assertion, this finding is not in any manner related to the underlying merits of the Workers' Compensation Board's determination, which we clearly may not and do not reach, but rather on a narrow procedural ground wholly consistent with the legal authority cited by the majority.

We find that the Board panel failed to adequately consider and address the legal standard applied in its determination that claimant was not exposed to a greater stressful environment

than that normally experienced by other correctional facility employees. This failure is of such significance, and was so directly addressed within the request for reconsideration, that, in our view, the determination to deny reconsideration and/or full Board review was an abuse of the Board's discretion.

To recover on a workers' compensation claim for mental injury caused by work-related stress, there must be a showing that the affected claimant experienced stress "greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Pecora v County of Westchester*, 13 AD3d 916, 917 [2004] [internal quotation marks and citations omitted]) or "greater than [that] experienced by his [or her] peers" (*Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 951 [2005]). In applying this standard, the Workers' Compensation Law Judge addressed the issue of claimant's classification in detail: "If one restricts the class of persons to which the claimant's work exposed him solely to prison maintenance workers, then it follows that all prison maintenance workers would be exposed to the same or similar stress. If one identifies all municipal maintenance workers employed by New York City as the proper membership of the class of workers to which the claimant belonged, then it follows beyond a shadow of a doubt that claimant was exposed to unusual stress and I so hold."

The Board panel reversed this portion of the determination, stating merely that "claimant was not exposed to a greater stressful environment than that which is normally experienced by *other employees in the ordinary course of employment at a correctional facility*" (emphasis added). The determination of the class of employees to which claimant's stress should be compared was set forth in a wholly conclusory fashion, without any stated rationale, discussion of pertinent evidence in the record, or explanation of the reason for rejection of the classification applied by the Workers' Compensation Law Judge.

In his application for reconsideration or full Board review, claimant directly challenged the Board's classification, arguing that no cases, research studies, or other authorities were cited to support the group identified by the Board as similarly situated to claimant and that the record includes no evidence that nonpenal correctional facility employees, such as administrators, clerks or cooks, were exposed to traumatic experiences comparable to those he alleged. The Board denied the application, finding without discussion or any stated basis that "neither full Board review nor reconsideration of that decision is warranted."

As noted by the majority, "our review is limited to whether the denial of claimant's application for reconsideration or full Board review was arbitrary and capricious or otherwise constituted an abuse of discretion" (*Matter of Earnest v J.P. Molyneux Studio, Ltd.*, 47 AD3d 1176, 1177 [2008], *lv dismissed* 10 NY3d 855 [2008]; *see Matter of Carroll v Barbara Brennan, Inc.*, 12 AD3d 924, 925 [2004], *lv dismissed* 4 NY3d 794 [2005]; *Matter of Dukes v Capitol Formation*, 213 AD2d 756, 757 [1995], *lv dismissed* 86 NY2d 810 [1995], *appeal dismissed* 87 NY2d 891 [1995]). However, under the circumstances present here, this inquiry necessarily includes a determination as to whether "the Board *fully considered* issues raised by claimant in [the] application for reconsideration" (*Matter of Earnest v J.P. Molyneux Studio, Ltd.*, 47 AD3d at 1177 [emphasis added]; *see Matter of Robinson v Interstate Natl. Dealer*, 50 AD3d 1325, 1326 [2008]; *Matter of Wariner v Associated Press*, 12 AD3d 863, 864 [2004]).

The record in this matter does not support such a determination. We have no means of determining whether the Board panel considered the critical and novel issue of claimant's proper classification that was so squarely posed in the determination of the Workers' Compensation Law Judge (*compare Matter of NYC Dept. of Corrections*, 2009 WL 936041, *2, 2009 NY Wrk Comp LEXIS 6837, *3-5 [WCB No. 0080 4596, Mar. 25, 2009] [cooks in correctional facilities]; *Matter of NYS Dept. of Corrections*, 2008 WL 2266751, *1, 2008 NY Wrk Comp LEXIS 4857, *1-3 [WCB No. 5070 3972, May 21, 2008] [correctional officers]; *Matter of Mohawk Correctional Facility*, 2006 WL 3336791, *2, 2006 NY Wrk Comp LEXIS 9475, *3-6 [WCB No. 6050 4854, Oct. 18, 2006] [registered nurses in correctional facilities]). Further, we have no means of ascertaining whether the Board considered this issue prior to determining that neither reconsideration nor full Board review was warranted, as there was no basis stated for that denial. While our role is strictly circumscribed, and the Board is allowed substantial discretion in regard to any credibility or factual determinations that it may make, nothing in the record here demonstrates that the central legal issue directly and clearly posed was "thoroughly considered, addressed and decided" (*Matter of Robinson v Interstate Natl. Dealer*, 50 AD3d at 1326). In the absence of any such showing, we would remit the matter for the Board to reconsider and state a basis for its determination as to the class of employees to whom claimant should be compared in determining whether he suffered more stress than other "similarly situated workers" (*Matter of Pecora v County of Westchester*, 13 AD3d at 917).

Stein, J., concurs. Ordered that the decisions are affirmed, without costs.