◼ In the Matter of the Claim of JAMES M. CALI, Appellant, v E.J. MILITELLO CONCRETE, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [886 NYS2d 248]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed January 21, 2009, which denied claimant's application for reconsideration and/or full Board review.

Claimant, a cement mason, began experiencing fatigue and shortness of breath in November 1998 and immediately sought medical attention. He did not return to work and submitted an application for workers' compensation benefits one year later, asserting that he suffered injuries to his internal organs as a result of exposure to cement dust. After a Workers' Compensation Law Judge (hereinafter WCLJ) initially concluded that there was no prima facie medical evidence to support the claim, a physician diagnosed claimant with mild small airways dysfunction caused by dust inhalation and a hearing was held. According to the WCLJ, claimant's testimony at the hearing did "not sufficiently support an exposure history which would form a basis for any medical opinion on causal relationship," and the matter was discontinued. Although claimant's request to reopen the case was granted, the WCLJ's identical determination was upheld by the Workers' Compensation Board. Claimant did not appeal from that decision, but subsequently applied for reconsideration and/or full Board review. The Board denied claimant's application, prompting this appeal.

As claimant appeals only from the denial of his request for reconsideration and/or full Board review, the merits of the Board's underlying decision are not properly before us (*see Matter of Green v Kimber Mfg., Inc.*, 59 AD3d 782, 783 [2009], *lv dismissed* 12 NY3d 865 [2009]), and our analysis is limited to whether the Board abused its discretion or acted arbitrarily or capriciously in denying claimant's application (*see Matter of Barber v New York City Tr. Auth.*, 50 AD3d 1402, 1403 [2008]). We conclude that it did not and now affirm. Claimant's application consists entirely of excerpts from hearing transcripts that were fully available to the Board prior to the rendering of its underlying decision upholding the determination of the WCLJ. Moreover, such excerpts highlight the inconsistencies between claimant's testimony and the opinion of his physician as to the level of claimant's exposure to cement dust.

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.