◼ In the Matter of the Claim of LINDA A. EPSARO, Respondent, v BUFFALO BOARD OF EDUCATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [888 NYS2d 268]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 20, 2008, which, among other things, ruled that claimant's injury was an aggravation of prior compensable injuries.

Claimant, a teacher's aide, was awarded workers' compensation benefits after sustaining work-related injuries to her neck in March 1999. Although her injuries prevented her from working for the ensuing eight months, claimant's condition improved through physical therapy and she remained asymptomatic from October 1999 until September 29, 2006. On that date, claimant experienced a burning pain in her neck after turning her head to address a colleague in the hallway outside of her classroom. Claimant's subsequent application for workers' compensation benefits was denied by a Workers' Compensation Law Judge who determined, following hearings, that the act of turning one's head does not constitute an accident within the meaning

of the Workers' Compensation Law. Upon review, the Workers' Compensation Board reversed, prompting this appeal by the employer and its claims administrator.

Because we find that inconsistencies in the Board's decision preclude meaningful appellate review, we must remit the matter for further findings (*see Matter of Cucci v Rexer's Tang Soo Do Karate Academy*, 34 AD3d 887, 889 [2006]). Although the Board determined that claimant suffered an accident in 2006, it is unclear whether the Board found that the injury arising out of that accident is "new," such that a fresh award is warranted (*cf. Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1345 [2008]; *Matter of Neal v Blue Circle Cement*, 28 AD3d 1049, 1049 [2006]). Indeed, without reopening her earlier claim, the Board determined "that claimant's 2006 workplace incident constitutes an aggravation of the 1999 neck injuries."

Moreover, in finding the existence of a "causal relationship between the claimant turning her head, and the aggravation of her 1999 neck injur[ies]," the Board explicitly and exclusively credited the medical testimony of two of claimant's treating physicians. Both of those physicians testified, however, that claimant's 2006 injury was unrelated to the injuries she sustained in 1999. When specifically asked if the 2006 incident resulted in the aggravation of existing injuries or an altogether new injury, both physicians testified that claimant sustained a new injury. These responses were consistent with the medical reports that each physician submitted prior to being deposed. Nonetheless, every reference to claimant's 2006 injury in the Board's decision includes the qualification that such injury "constitutes an aggravation of [her] 1999 neck injuries."

Accordingly, given that record evidence might support a finding that claimant sustained a new injury or a finding that the incident in 2006 strictly aggravated claimant's prior injuries, the matter must be remitted to the Board for the purpose of clarifying its finding regarding what occurred and rendering a decision that will permit intelligent judicial review (*see Matter of Dinelle v Workshop, Inc.*, 181 AD2d 969, 971 [1992]).

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.