■ In the Matter of the Claim of ENNI YARLEQUE, Appellant, v SALLY LOU, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [901 NYS2d 737]—

Rose, J. Appeals from two decisions of the Workers' Compensation Board, filed May 6, 2008, which denied claimant's request for reconsideration or full Board review.

Claimant worked for the employer for less than four months in 1996. In June 2000, she submitted two applications for workers' compensation benefits allegedly arising out of that employment. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) asserted that both claims—one for carpal tunnel syndrome and the second for back, neck and shoulder injuries—were time-barred pursuant to Workers' Compensation Law § 28. Following hearings, a Workers' Compensation Law Judge ruled, in one decision, that the application premised on claimant's back, neck and shoulder injuries was timely and established that claim. Without addressing the carrier's statute of limitations argument, the Workers' Compensation Law Judge likewise established the claim related to claimant's carpal tunnel syndrome. Upon review, the Workers' Compensation Board reversed. Claimant did not appeal from that decision, but subsequently applied for reconsideration or full Board review. In two separate decisions the Board denied claimant's request and these appeals ensued.

Where, as here, a claimant's appeal is limited to the Board's denial of his or her request for full Board review or reconsideration, our analysis is confined to whether such denial was an abuse of discretion or arbitrary and capricious (see Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [2009], appeal dismissed 13 NY3d 899 [2009]; Matter of Wariner v Associated Press, 12 AD3d 863, 864 [2004]; Matter of Graham v Pathways, Inc., 305 AD2d 830, 831 [2003], lv dismissed 1 NY3d 564 [2003]). "In that regard, the grounds for seeking review or reconsideration are narrow; the movant must generally show that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d at 796 [citations omitted]).

In this case, the Board in its underlying decision concluded that claimant's carpal tunnel syndrome was an occupational disease for which the latest possible date of disablement was

November 1, 1996, when claimant stopped working. Consequently, the Board found that claimant's June 2000 application for workers' compensation benefits arising out of that injury was untimely (*see* Workers' Compensation Law § 28). As for the claim regarding claimant's back, neck and shoulder injuries, her admission in the footnote of her brief confirms that she knew that those injuries were work-related no later than December 21, 1996. This admission, together with the evidence that claimant stopped working on November 1, 1996 because of her injuries and the Board's finding that both claims involved occupational diseases, amply support the conclusion that her applications in June 2000 were beyond the two-year period provided by Workers' Compensation Law § 28 (*see Matter of Feliciano v New York City Health & Hosps. Corp.*, 65 AD3d 784, 785 [2009]; *Matter of Caiazza v Eastman Kodak Co.*, 300 AD2d 966, 967 [2002]; *Matter of Cummings v Tenneco Chems. Div., Am. Plastics*, 53 AD2d 944 [1976]). Inasmuch as claimant failed to present previously unavailable evidence warranting review or reconsideration of either claim, the Board did not abuse its discretion or act arbitrarily and capriciously in denying her present request (*see Matter of Green v Kimber Mfg., Inc.*, 59 AD3d 782, 783 [2009], *lv dismissed* 12 NY3d 865 [2009]).

Mercure, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.