■ In the Matter of the Claim of MARIE L. GENTILE, as Widow of JAY ALAN GENTILE, Deceased, Appellant, v SOVEREIGN MOTOR CARS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 165]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 23, 2008, which denied claimant's application for reconsideration and/or full Board review of a prior decision ruling that decedent's death was not causally related to a work-related injury.

In 1994, Jay Gentile (hereinafter decedent) suffered a work-related injury to his neck and was awarded workers' compensation benefits. Decedent died in 2002 with the cause of death determined to be atherosclerotic heart disease. Claimant, decedent's wife, subsequently applied for death benefits. Following hearings, a Workers' Compensation Law Judge found that decedent's death was not causally related to his 1994 neck injury and disallowed the claim. The Workers' Compensation Board, in a decision filed February 29, 2008, affirmed the decision of the

Workers' Compensation Law Judge and closed the case. No appeal from that decision was taken. Thereafter, claimant applied for reconsideration and/or full Board review. Her application was denied and claimant now appeals.

We affirm. As claimant only appeals from the Board's denial of her application for reconsideration and/or full Board review, the merits of the underlying decision are not before us (*see Matter of Earnest v J.P. Molyneux Studio, Ltd.*, 47 AD3d 1176, 1177 [2008], *lv dismissed* 10 NY3d 855 [2008]; *Matter of Nikolaeva v Cattaraugus County Nursing Home*, 37 AD3d 969, 969 [2007]). Accordingly, our review is limited to whether the Board's denial of the application was arbitrary or capricious or otherwise constituted an abuse of discretion (*see Matter of Green v Kimber Mfg., Inc.*, 59 AD3d 782, 783 [2009], *lv dismissed* 12 NY3d 865 [2009]; *Matter of Barber v New York City Tr. Auth.*, 50 AD3d 1402, 1403 [2008]). A review of claimant's application reveals that she reargues the issues of whether the symptoms reported by decedent that were indicative of a heart problem were misdiagnosed as being related to his work-related neck injury and whether pain medication prescribed to treat the symptoms of decedent's neck injury either contributed to his heart condition or prevented its diagnosis by masking its symptoms. Further, although claimant now argues that proof that decedent was prescribed Celebrex in June 2000 is new evidence related to the issue of medication contributing to his heart condition, this evidence was previously available and, in fact, claimant presented the evidence and raised this specific issue at the hearings. As these issues were previously considered by the Board, claimant's remedy was to appeal the Board's February 2008 decision, which she failed to do. Considering that claimant points to no new evidence that was previously unavailable relating to these issues, we cannot conclude that the Board's denial of claimant's application for reconsideration and/or full Board review was arbitrary, capricious or an abuse of discretion (*see Matter of VanDermark v Frontier Ins. Co.*, 60 AD3d 1171, 1172-1173 [2009]; *Matter of Wariner v Associated Press*, 12 AD3d 863, 864 [2004]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.