Malone Jr., J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed July 12, 2010, which ruled that claimant had no further causally related disability, and (2) from a decision of said Board, filed March 22, 2011, which denied claimant’s request for reconsideration or full Board review.
In February 2008, claimant suffered a work-related injury to her left foot and received workers’ compensation benefits. In *1514 March 2009, claimant filed a C-3 form, claiming to have also suffered a causally related injury to her right foot as a result of the 2008 incident. Following hearings, the Workers’ Compensation Law Judge denied the right foot claim. On review, the Workers’ Compensation Board affirmed and subsequently denied claimant’s request for reconsideration or full Board review.
Although claimant separately appealed from both the Board’s underlying decision and the denial of reconsideration or full Board review, she failed to timely perfect her appeal from the underlying decision (see Rules of App Div. 3d Dept [22 NYCRR] § 800.12). Consequently, the merits of that decision are not properly before us (see Matter of D’Errico v New York City Dept. of Corrections, 65 AD3d 795, 795-796 [2009], appeal dismissed 13 NY3d 899 [2009]; Matter of Dukes v Capitol Formation, 213 AD2d 756, 756-757 [1995], lv dismissed 86 NY2d 810 [1995], appeal dismissed 87 NY2d 891 [1995]). Therefore, our inquiry is limited to whether the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant’s application for reconsideration or full Board review (see Matter of Gentile v Sovereign Motor Cars, 77 AD3d 1027, 1028 [2010], lv dismissed 16 NY3d 824 [2011]; Matter of Green v Kimber Mfg., Inc., 59 AD3d 782, 783 [2009], lv dismissed 12 NY3d 865 [2009]). In her application, claimant challenged the findings of the Workers’ Compensation Law Judge, but did not proffer any new evidence that was unavailable at the time of the hearings. Accordingly, we cannot conclude that the Board’s denial of the application was either arbitrary or capricious or an abuse of discretion (see Matter of Gentile v Sovereign Motor Cars, 77 AD3d at 1028; Matter of Hyland v Matarese, 56 AD3d 841, 844 [2008]).
Lahtinen, J.E, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decisions are affirmed, without costs.