Matter of Panday (RLRG & Assoc. LLC--Commissioner of Labor) (2025 NY Slip Op 07059)

Matter of Panday (RLRG & Assoc. LLC--Commissioner of Labor)

2025 NY Slip Op 07059

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-1733
[*1]In the Matter of the Claim of Grace Panday, Respondent. RLRG & Associates LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 14, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Granger & Associates LLC, New York City (Keith O'Donnell of counsel), for appellant.
David E. Woodin, Catskill, for Grace Panday, respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22, 2024, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.
Beginning in 2019, claimant worked for the employer in the combined role of bookkeeper and office manager. She continued working in that capacity part time and remotely during the COVID-19 pandemic, during which the employer made the decision to downsize its operation. As part of that downsizing, the employer decided to consolidate claimant's part-time position with that of the receptionist, creating one full-time position. The employer offered claimant the new position, which claimant did not accept. Ultimately, claimant was advised that her position had been terminated, for various reasons, and she subsequently filed a claim for unemployment insurance benefits. The Department of Labor issued an initial determination disqualifying claimant from receiving benefits, finding that she had lost her employment through misconduct. Following a hearing, an Administrative Law Judge (hereinafter ALJ) overruled that initial determination, finding that the proof fell short of establishing misconduct and that claimant's employment instead ended under nondisqualifying circumstances, entitling her to benefits. The employer appealed, primarily arguing that claimant's decision to decline its offer of other suitable employment was disqualifying. The Unemployment Insurance Appeal Board affirmed the decision of the ALJ, noting that the case law cited by the employer in its appeal with respect to refusal of other suitable employment was not controlling as it was not at issue. Thereafter, upon its own motion pursuant to Labor Law § 534, the Board reopened and reconsidered its prior decision. The Board again affirmed the decision of the ALJ, recognizing that claimant had been offered and rejected other employment, but still concluding only that claimant's employment ended under nondisqualifying circumstances. The employer appeals, maintaining that claimant's declination of an offer of suitable employment disqualified her from receiving benefits.
It is well established that judicial review of an administrative determination is limited to the grounds invoked by the agency (see Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 914 [1977]; Matter of Buffalo Teachers Fedn., Inc. v Elia, 162 AD3d 1169, 1172-1173 [3d Dept 2018], lv denied 32 NY3d 915 [2019]). We are similarly "not permitted to surmise, speculate or substitute our judgment" for that of an agency, and, for that reason, the failure of an administrative agency to adequately set forth the basis for its decision "forecloses the possibility of fair judicial review" (Matter of Mercedes [Commissioner of Labor], 235 AD3d 1079, 1081 [3d Dept 2025] [internal quotation marks and citation omitted]). Having found that the employer made an offer of other employment to claimant and that claimant [*2]did not accept that offer, the Board was required to address the issue — raised before it — of whether that offer of employment was suitable for claimant and, if so, whether it was rejected for good cause (see Labor Law § 592 [2]). Although it appears that the Board reopened the matter for this purpose, there is no analysis of this legal issue within the decision before us. Given the Board's failure to adequately address the employer's arguments on the administrative appeal, we must reverse and remit the matter for the issuance of a new decision that will permit meaningful judicial review (see Matter of Fromer [Commissioner of Labor], 268 AD2d 707, 708-709 [3d Dept 2000]; cf. Matter of Shakil v New York City Tr. Auth., 221 AD3d 1380, 1382 [3d Dept 2023]; Matter of Epsaro v Buffalo Bd. of Educ., 67 AD3d 1118, 1119 [3d Dept 2009]).
Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.