■ In the Matter of the Claim of Richard Speer, Appellant, v Wackenhut Corporation et al., Respondents. Workers' Compensation Board, Respondent. [790 NYS2d 245]—

Kane, J. Appeals from two decisions of the Workers' Compensation Board, filed May 1, 2002 and December 11, 2002, which denied claimant's applications for reconsideration and/or full Board review of a prior Board decision ruling that claimant did not sustain a compensable injury.

Claimant applied for workers' compensation benefits alleging that he suffered from severe mental depression as a result of having been removed from his position as a security guard for the employer. Following several hearings, a Workers' Compensation Law Judge established the case and made awards. However,

by decision filed April 9, 2001, the Workers' Compensation Board ruled that, pursuant to Workers' Compensation Law § 2 (7), claimant's alleged stress-related injury was a direct consequence of lawful personnel decisions and, therefore, was not compensable. Claimant sought full Board review of this decision. His application was denied by decision filed May 1, 2002. Thereafter, claimant again sought full Board review or reconsideration. By decision filed December 11, 2002, this application was also denied. Claimant now appeals.

The merits of the Board's April 2001 decision are not before this Court because claimant did not appeal that determination (*see Matter of Kozak v SUNY at Old Westbury*, 2 AD3d 1146 [2003]). Although his notice of appeal listed the Board's two denials of his applications for reconsideration or full Board review, the notice was untimely as to the May 2002 denial, so we have no jurisdiction to consider that decision. The only question properly raised on this appeal is whether the Board abused its discretion or acted arbitrarily or capriciously in denying claimant's second request for full Board review (*see Matter of Rakowski v State Ins. Fund*, 10 AD3d 817, 817-818 [2004]; *Matter of Ostuni v Town of Ramapo*, 8 AD3d 915, 916 [2004]). That request was based solely on the argument that claimant's attorney recently discovered that the Board rendered its April 2001 decision before minutes of oral argument to the Board were transcribed. We find that the Board did not violate its regulations permitting it to consider a file only after minutes of all hearings covering the disputed issues are transcribed and inserted in the file (*see* 12 NYCRR 300.13 [d]). Those regulations require transcription and consideration of minutes from evidentiary hearings, not oral arguments of legal issues presented directly to the Board itself (*see e.g.* 12 NYCRR 300.9). As the Board was not required to create a transcript of oral arguments, its denial of reconsideration cannot be considered arbitrary, capricious or an abuse of discretion.

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the appeal from the decision filed May 1, 2002 is dismissed, as untimely, without costs. Ordered that the decision filed December 11, 2002 is affirmed, without costs.