■ In the Matter of the Claim of EDWIN SNARSKI, Respondent, v NEW JERSEY MANUFACTURERS INSURANCE GROUP, Appellant, and C & M SONS TRUCKING, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [798 NYS2d 780]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 30, 2004, which denied an application by New Jersey Manufacturers Insurance Group for reconsideration and/or full Board review of a prior decision ruling that it was the liable workers' compensation carrier.

Claimant sustained a back injury in October 2000 in the Village of Bloomingburg, Sullivan County, while working as an equipment operator for the employer, a New Jersey corporation doing business in New York. He filed an application for workers' compensation benefits in New Jersey which was not controverted by the workers' compensation carrier. Thereafter, claimant filed an application for benefits in New York. The carrier then controverted the claim on the basis that it provided coverage under the assigned risk procedure in New Jersey for jobs carried on only in New Jersey.

Following hearings, the Workers' Compensation Law Judge, among other things, established the case for benefits and ruled that the carrier was liable for the accident, finding that the policy was vague and misleading with respect to coverage for injuries arising in New York. The Workers' Compensation Board thereafter affirmed. The carrier did not appeal from that decision but filed a request for full Board review, which was subsequently denied. The carrier now appeals.

We affirm. Because the carrier appeals only from the Board's denial of its application for reconsideration and/or full Board review, the merits of the underlying Board decision are not properly before us (*see Matter of Speer v Wackenhut Corp.*, 15 AD3d 734, 735 [2005]). Instead, our review is limited to whether the Board's denial of the application was arbitrary or capricious or otherwise constituted an abuse of discretion (*see Matter of Rambally v Greenberg*, 14 AD3d 742, 743 [2005]). Based upon our review of the record, we are satisfied that the Board considered all of the evidence before it, including the insurance policy in its entirety and the carrier's conduct in initially authorizing payment of the claim, and that the carrier did not present any new evidence to warrant altering the decision. Although the carrier contends that the denial was arbitrary in that the Board made a contrary finding with respect to the

same insurance policy in a subsequent case (*see CMC Concrete Masonry [Zurich Am. Ins. Co.]*, 2004 WL 203506, 2004 NY Workers' Comp LEXIS 6741 [Jan. 14, 2004]), that case presents different facts and legal issues inasmuch as all of the parties therein accepted the carrier's assertion that its coverage applied only in New Jersey. Accordingly, we cannot say that the Board abused its discretion in denying the carrier's request for reconsideration and/or full Board review (*see Matter of Forbes v American Airlines*, 13 AD3d 1001, 1002 [2004]).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.