■ In the Matter of the Claim of ROBERTA MARKS, Appellant, v EVERGREEN COUNTRY CLUB et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [810 NYS2d 601]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed December 22, 2004, which denied claimant's application for reconsideration and/or full Board review of a prior decision finding, inter alia, that claimant did not sustain a further causally related disability.

Claimant, an office manager with Evergreen Country Club, applied for workers' compensation benefits alleging that she

sustained harmful exposure to various fumes and materials at work. The case was established for a temporary aggravation of preexisting asthma, with no further connected disability. The Workers' Compensation Board thereafter rescinded the decision and remitted the matter for further review of the record, including deposition testimony from one of claimant's treating physicians who had not previously been available. Upon review of the complete record, the workers' compensation law judge reinstated the original decision. That decision was upheld by the Board and claimant's subsequent application for reconsideration and/or full Board review was denied, prompting this appeal.

Claimant has appealed from only the Board's denial of her application for reconsideration and/or full Board review. Thus, the merits of the underlying decision are not before us (*see Matter of Snarski v New Jersey Mfrs. Ins. Group*, 20 AD3d 803, 804 [2005]; *Matter of Speer v Wackenhut Corp.*, 15 AD3d 734, 735 [2005]). Rather, our review is limited to whether the Board's denial of the application was arbitrary or capricious or otherwise constituted an abuse of discretion (*see Matter of Bromley v Rich Aluminum & Vinyl Siding, Inc.*, 19 AD3d 895, 896 [2005]; *Matter of Rambally v Greenberg*, 14 AD3d 742, 743 [2005]). The record reveals that the Board carefully scrutinized all of the evidence and issues before it and that claimant failed to present any new evidence in support of her request for reconsideration and/or full Board review (*see Matter of Snarski v New Jersey Mfrs. Ins. Group, supra* at 804). Accordingly, we cannot say that the Board's denial was arbitrary, capricious or an abuse of discretion. Claimant's remaining contentions, which are properly the subject of this appeal, have been examined and found to be without merit.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.