1570

In the Matter of the Claim of DAVID S. MALONE, Appellant, v VRD DECORATING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [892 NYS2d 610]—

Lahtinen, J.

Claimant fell from a loading dock in March 2003 and submitted a claim for workers' compensation benefits for injuries to his back, ribs and internal organs. The claim was established for back and rib injuries. Claimant subsequently asserted he had also injured his neck. Following a series of hearings, as well as earlier administrative appeals, the Workers' Compensation Board eventually, in March 2007, upheld a determination that claimant's neck injury was not causally related to the March 2003 incident and, in January 2008, upheld a determination that claimant had withdrawn from the labor market in October 2003. Claimant's request for reconsideration or full Board review was denied in December 2008. Appealing from the Board's denial of his application for reconsideration or full Board review, claimant argues that the Board failed to consider evidence supporting his contention that he injured his neck in the incident.

We affirm. "Inasmuch as claimant has appealed from only the decision denying [his] application for reconsideration and/or full Board review, the merits of the underlying decision are not properly before us" (*Matter of Nikolaeva v Cattaraugus County Nursing Home*, 37 AD3d 969, 969 [2007] [citations omitted]; *see Matter of Snarski v New Jersey Mfrs. Ins. Group*, 20 AD3d 803, 804 [2005]; *Matter of Speer v Wackenhut Corp.*, 15 AD3d 734, 735 [2005]). "Our review is therefore limited to whether . . . the Board abused its discretion or acted in an arbitrary and capricious manner" (*Matter of Molina v Lopano*, 47 AD3d 1083, 1084 [2008] [citations omitted]; *see Matter of Barber v New York City Tr. Auth.*, 50 AD3d 1402, 1403 [2008]; *Matter of Marks v Evergreen Country Club*, 27 AD3d 914, 915 [2006]).

Here, claimant argues that emergency room records from the date of his accident indicating that he complained of neck pain on that date were not properly considered. Those records have been available and are not newly discovered evidence. The doctor who treated claimant between August 2003 and January 2004 was questioned about the emergency room records. That

doctor, during his July 2005 testimony, referenced the records, which also related no abnormalities or decreased range of motion upon examination, and the doctor noted that claimant first complained to him of neck pain after falling on stairs at home in January 2004. He was unable to state with a reasonable degree of medical certainty that claimant's neck injury was related to the work accident. While a conflicting medical opinion was provided by another physician, that opinion was before the Board when it rendered its March 2007 decision finding the neck injury was not causally related. We are unpersuaded that the Board abused its discretion or acted arbitrarily in denying claimant's application for reconsideration or full Board review.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.