■ In the Matter of the Claim of EDIP KAJA, Appellant, v SILLER BROTHERS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [902 NYS2d 232]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed May 13, 2009, which denied claimant's application for reconsideration and/or full Board review of a prior decision finding, among other things, that claimant did not sustain a causally related injury to his neck.

Claimant, a construction worker, was awarded workers' compensation benefits after his left thumb was severed while using a power saw in May 2003, and later reattached. In March 2004, a Workers' Compensation Law Judge (hereinafter WCLJ) closed the case with an award for 75% schedule loss of use to the left thumb. In August 2004, the WCLJ found, based upon a report from claimant's treating orthopedist, that there was prima facie medical evidence of a consequential neck injury related to the 2003 incident and continued the case. However, following the submission of medical reports and a hearing in 2008, the WCLJ determined in a July 2008 decision that claimant

failed to establish a consequential neck injury. With respect to an additional claim for further causally related disability as to claimant's thumb, the WCLJ also denied relief, noting that an October 2004 independent medical report from the workers' compensation carrier's consultant, Joseph Fulco, had only found, at that time, left thumb disability "of a moderate partial rate." In November 2008, the Workers' Compensation Board affirmed the WCLJ's decision. Subsequently, claimant applied for reconsideration and/or full Board review. That request was denied by the Board in a May 2009 decision, which claimant now appeals to this Court.

Inasmuch as claimant has appealed only from the May 2009 decision denying his application for reconsideration and/or full Board review and not the November 2008 decision determining the underlying merits, our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion (*see Matter of Malone v VRD Decorating*, 68 AD3d 1570, 1570 [2009], *lv dismissed* 14 NY3d 825 [2010]). Upon our review of the record, we find that the Board fully considered the issue of a causally related disability to claimant's neck and properly ruled that he did not present any new evidence justifying a modification of the prior decision regarding this claim (*see Matter of Nikolaeva v Cattaraugus County Nursing Home*, 37 AD3d 969 [2007]).

Turning to the issue of further causally related disability of claimant's thumb, however, we reach a different conclusion. Notably, claimant's supplemental reconsideration request, dated January 25, 2009, specifically brought to the Board's attention a new independent medical report from Fulco, dated January 21, 2009, that specifically states it had been requested by the carrier. In the report, Fulco opined that claimant has "a 100% schedule loss of use of the left thumb." Notably, the grant of a motion for reconsideration or full Board review may be appropriate where a claimant has presented "either newly discovered evidence or a material change in conditions" (*Matter of D'Errico v New York City Dept. of Corrections*, 65 AD3d 795, 796 [2009], *lv dismissed* 13 NY3d 899 [2009]; *see generally* 12 NYCRR 300.14). Here, given the circumstance that, among other things, the report by the impartial specialist describing a change in condition was generated at the request of the carrier and expeditiously presented to the Board, we cannot agree with the Board's ruling that claimant's application should be denied on the basis that "[n]o new evidence has been offered which could not have been produced earlier." Accordingly, we deem it appropriate to remit the matter to the Board for further proceedings related to that issue.

Spain, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as denied reconsideration as to the issue of further causally related disability of claimant's left thumb; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.