■ In the Matter of the Claim of Michael DiPippo, Appellant, v Accurate Signs and Awnings et al., Respondents. Workers' Compensation Board, Respondent. [930 NYS2d 100]—

Egan Jr., J.

Claimant, a sign hanger, was injured when he slipped off the back of a truck while working for the employer. As a result of this accident, claimant sustained injuries to his right ribs, right elbow, both hands, left leg, left foot and face, as well as a consequential injury to his right ankle. Claimant thereafter developed a deep venous thrombosis in his left leg, which he sought to add to his claim as a consequential injury. A Workers' Compensation Law Judge denied claimant's application and, upon review, the Workers' Compensation Board affirmed, finding that claimant's deep venous thrombosis was not causally related to his work-related injuries. Claimant's subsequent application for full Board review was denied and this appeal ensued.

Inasmuch as claimant has appealed only from the Board's denial of his request for full Board review, the merits of the underlying decision are not properly before us (*see Matter of Maqsood v McRoberts Protective Agency*, 79 AD3d 1547 [2010], *lv dismissed* 16 NY3d 871 [2011]; *Matter of Marks v Evergreen Country Club*, 27 AD3d 914, 915 [2006]). Rather, our analysis is limited to ascertaining whether such denial was arbitrary and capricious or otherwise constituted an abuse of discretion (*see Matter of Marks v Evergreen Country Club*, 27 AD3d at 915; *Matter of Ostuni v Town of Ramapo*, 8 AD3d 915, 916 [2004]). To that end, claimant did not establish a material change in his condition or present evidence that previously was unavailable, and the record reflects that the Board considered all relevant material in rendering its initial decision. Under these circumstances, the Board's decision denying full Board review will not be disturbed (*see Matter of Maqsood v McRoberts Protective Agency*, 79 AD3d at 1547; *Matter of Ostuni v Town of Ramapo*, 8 AD3d at 916).

Peters, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.