▇ In the Matter of the Claim of BRIAN A. WOODS, Appellant, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [941 NYS2d 292]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed February 4, 2010, which denied claimant's application for reconsideration and/or full Board review.

In 1993, claimant suffered a work-related injury to his back and was awarded workers' compensation benefits. Claimant was found in violation of Workers' Compensation Law § 114-a in 2003 and the Workers' Compensation Board rescinded claimant's benefits and disqualified him from receiving future wage replacement benefits.* In 2007, claimant raised the issue of a causally related injury to his neck, arising out of the 1993 incident. Ultimately, in a decision filed June 12, 2009, the Board ruled that the claim regarding the neck injury was time-barred pursuant to Workers' Compensation Law § 28. Claimant did not appeal from that decision, but subsequently applied for

---

* That decision was affirmed by this Court (27 AD3d 933 [2006], *lv denied* 7 NY3d 716 [2006]).

reconsideration and/or full Board review. The Board denied the application and claimant now appeals.

We affirm. "Inasmuch as claimant has appealed from only the decision denying [his] application for reconsideration and/or full Board review, the merits of the underlying decision are not properly before us" (*Matter of Nikolaeva v Cattaraugus County Nursing Home*, 37 AD3d 969 [2007] [citations omitted]; *accord Matter of Malone v VRD Decorating*, 68 AD3d 1570, 1570 [2009], *lv dismissed* 14 NY3d 825 [2010]). Rather, "our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (*Matter of Kaja v Siller Bros., Inc.*, 74 AD3d 1511, 1512 [2010]; *accord Matter of Marks v Evergreen Country Club*, 27 AD3d 914, 915 [2006]). Here, our review of the record reveals that the Board considered all of the evidence and issues before it and claimant did not seek to present newly discovered evidence or allege a material change in condition in support of his application for reconsideration and/or full Board review (*see Matter of Nikolaeva v Cattaraugus County Nursing Home*, 37 AD3d at 969; *Matter of Marks v Evergreen Country Club*, 27 AD3d at 915). Accordingly, we cannot conclude that the Board's denial of the application was arbitrary and capricious or an abuse of discretion.

Mercure, A.P.J., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.