Kavanagh, J.
Appeal from a decision of the Workers’ Compensation Board, filed April 7, 2011, which denied claimant’s application for reconsideration and/or full Board review.
Claimant sustained compensable injuries to his back and neck in 2000 while lifting a bag of cement and he, thereafter, was awarded workers’ compensation benefits. Following back surgery in 2002, claimant was classified with a permanent partial disability. In September 2008, as relevant to this proceeding, the Workers’ Compensation Board found claimant to have a marked permanent partial disability. That determination was *1267 affirmed by this Court (Matter of Visic v O’Nero & Sons Constr. Co., 74 AD3d 1646 [2010]). In July 2010, claimant submitted a request for further action, seeking to reopen his claim for the purpose of finding him totally disabled. The Board, in a January 2011 decision, refused claimant’s request to reopen the claim, finding that claimant had not submitted new evidence to support his application or evidence of a change in medical condition, and that there was no basis for reopening the claim in the interest of justice. Thereafter, claimant sought full Board review and/or reconsideration. The Board denied that application, and claimant now appeals.
We reverse. Because claimant has only appealed from the Board’s April 2011 denial of his request for full Board review and/or reconsideration, our analysis is limited to deciding whether such denial was arbitrary and capricious (see Matter of Capalbo v Stone & Webster Constr. Servs., 91 AD3d 1263, 1264 [2012]; Matter of Dipippo v Accurate Signs & Awnings, 88 AD3d 1044, 1045 [2011]). That standard is met when the record shows that the Board failed to address all relevant issues or failed to consider evidence that was not previously available (see Matter of Capalbo v Stone & Webster Constr. Servs., 91 AD3d at 1264; Matter of Maqsood v McRoberts Protective Agency, 79 AD3d 1547 [2010], lv dismissed 16 NY3d 871 [2011]).
Here, the Board’s determination as to claimant’s level of disability was issued in September 2008. In July 2010, claimant’s request for further action was based upon medical reports from January 2009, February 2009 and April 2009 opining that he was totally disabled. Thereafter, in rendering its January 2011 decision to deny claimant’s request to reopen the claim, the Board stated that claimant had failed to submit new evidence to establish a change in his condition because the aforementioned reports were available for presentation at a March 25, 2009 hearing. Likewise, in denying the motion for reconsideration, the Board stated that “[n]o new evidence relative to the issues raised has been offered which could not have been produced earlier.” However, the record demonstrates that the March 25, 2009 hearing was convened solely for the purpose of addressing claimant’s average weekly wage and, in fact, when claimant sought to offer medical evidence as to a change in his condition, the Workers’ Compensation Law Judge declined to receive it, stating that the hearing was not for the purpose of revisiting claimant’s degree of disability. Accordingly, we find that the Board’s denial of claimant’s request for reconsideration was arbitrary and capricious and must be reversed.
Peters, P.J., Spain, Malone Jr. and Garry, JJ., concur. Ordered *1268 that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.