*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                    516777
_____

In the Matter of the Claim of
    SHEILA L. KALKBRENNER,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

ACCORD CORPORATION,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:   November 17, 2014

Before:  Peters, P.J., Rose, Egan Jr. and Lynch, JJ.

_____


        Sheila L. Kalkbrenner, Wellsville, appellant pro se.

        Buckner & Kourofsky, Rochester (Jaclyn M. Penna of counsel), for Accord Corporation, respondent.

_____


Rose, J.

        Appeal from a decision of the Workers' Compensation Board, filed April 15, 2013, which denied claimant's request for reconsideration and/or full Board review.

        Claimant suffered a work-related, right knee injury and was awarded workers' compensation benefits.  Claimant underwent causally-related right knee surgery and, thereafter, sought to amend her workers' compensation claim to include consequential arachnoiditis, allegedly suffered as a result of the spinal anesthesia injection administered during the surgery.  The Workers' Compensation Law Judge denied claimant's application,

based upon the lack of credible medical evidence to support the diagnosis or the causal relationship to the established injury. Upon appeal, the Workers' Compensation Board affirmed. Claimant's subsequent application for full Board review and/or reconsideration was denied, prompting this appeal.

Claimant has appealed only from the Board's denial of her request for full Board review and, therefore, the merits of the underlying decision are not properly before us (see Matter of Mazzaferro v Fast Track Structures, Inc., 106 AD3d 1302, 1302 [2014]; Matter of Capalbo v Stone & Webster Constr. Servs., 91 AD3d 1263, 1263-1264 [2012]). As such, our review is limited to ascertaining whether such denial was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Stratton v New York State Comptroller, 112 AD3d 1081, 1083 [2013]; Matter of Mazzaferro v Fast Track Structures, Inc., 106 AD3d at 1302). To that end, we decline to disturb the Board's decision, as the record reflects that the Board considered all of the relevant material in rendering its decision, and claimant did not establish a material change in her condition or present evidence that previously was unavailable (see Matter of Mazzaferro v Fast Track Structures, Inc., 106 AD3d at 1302; Matter of Dipippo v Accurate Signs & Awnings, 88 AD3d 1044, 1045 [2011]).

Peters, P.J., Egan Jr. and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court