In the Matter of Claim of RICHARD A. REGAN, Claimant, v CITY OF HORNELL POLICE DEPARTMENT et al., Appellants, and CITY OF GENEVA POLICE DEPARTMENT, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [1 NYS3d 519]—

Peters, P.J. Appeals (1) from a decision of the Workers' Compensation Board, filed May 31, 2012, which ruled that claimant sustained an injury arising out of and in the course of his employment, and (2) from a decision of said Board, filed October 29, 2012, which denied a request by the employer and its workers' compensation carrier for full Board review.

In September 2001, claimant, a law enforcement officer with the City of Hornell Police Department (hereinafter HPD), was sent to New York City for six days in order to provide assistance at the World Trade Center site. In March 2010, claimant—who had since become employed by the City of Geneva Police Department (hereinafter GPD)—was arrested and charged with driv-

ing while intoxicated. Shortly thereafter, he began receiving mental health treatment, resigned from his employment with GPD and filed a claim for workers' compensation benefits citing his time at the World Trade Center as the cause of his injury and naming HPD as his employer. He later registered his participation in the World Trade Center rescue operations with the Workers' Compensation Board (see Workers' Compensation Law § 162).

Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant sustained an occupational disease in the form of posttraumatic stress disorder (hereinafter PTSD) and depression and set claimant's date of disablement as April 2010—the date of his first medical treatment relating to his injury. The WCLJ further found that GPD was the employer and that apportionment pursuant to Workers' Compensation Law § 44 applied to the claim. On appeal, the Board reversed, finding that claimant sustained an accidental injury on September 17, 2001, while employed by HPD, that the date of disablement was April 2010, and that Workers' Compensation Law article 8-A applied to the claim, thus resolving any issues with respect to timeliness and notice (see Workers' Compensation Law §§ 163, 168). HPD and its workers' compensation carrier now appeal from the Board's decision, contending that claimant's activity at the World Trade Center site did not constitute participation in the rescue, recovery, or cleanup operations such that it would be covered by Workers' Compensation Law article 8-A, as well as from the subsequent denial of their application for full Board review.

We affirm. Workers' Compensation Law article 8-A "was intended to be liberally construed to provide a potential avenue of relief for workers and volunteers suffering ill health as a result of their efforts in the aftermath of the terrorists' attacks" (Matter of Williams v City of New York, 66 AD3d 1203, 1204-1205 [2009]; see generally Matter of Smith v Tompkins County Courthouse, 60 NY2d 939, 941 [1983]). As is relevant here, Workers' Compensation Law § 161 provides that the phrase " '[p]articipant in World Trade Center rescue, recovery, or cleanup operations' means any . . . employee who within the course of employment . . . participated in the rescue, recovery, or cleanup operations at the World Trade Center site between September [11, 2001] and September [12, 2002]" (Workers' Compensation Law § 161 [1] [a] [i]). "So long as the Board's construction and application of the statutory words (rescue, recovery, cleanup) is consistent with the general[ly] accepted meaning of such terms, and the underlying factual basis for

making its determination is supported by substantial evidence, its determination will be upheld" (*Matter of Williams v City of New York*, 66 AD3d at 1206).

At the World Trade Center site,* claimant engaged in "perimeter containment" and "transports." He testified that he "help[ed] control who came and left the . . . site," escorted people to the site and brought them materials, equipment and personnel. Based on this evidence, the Board reasoned that claimant's activity constituted participation in World Trade Center rescue, recovery or cleanup operations pursuant to Workers' Compensation Law article 8-A. Generally, the Board requires that the "claimant directly participate in or otherwise have some tangible connection to the rescue, recovery or cleanup operations" (*Matter of Williams v City of New York*, 89 AD3d 1182, 1184 [2011], *lv denied* 18 NY3d 807 [2012]); its reasoning here is consistent with prior Board decisions addressing this issue (*see e.g. Employer: New York City Transit Auth.*, 2009 WL 525476, 2009 NY Wrk Comp LEXIS 5438 [WCB No. 0080 2941, Feb. 20, 2009]; *Employer: Con Edison*, 2008 WL 593651, 2008 NY Wrk Comp LEXIS 1247 [WCB No. 0063 3043, Feb. 12, 2008]; *compare Employer: Consolidated Edison Co. of N.Y.*, 2013 WL 1853962, 2013 NY Wrk Comp LEXIS 3659 [WCB No. 0040 0279, Apr. 26, 2013]; *Employer: Safe Horizon*, 2011 WL 1653069, 2011 NY Wrk Comp LEXIS 2416 [WCB No. 0073 6179, Apr. 29, 2011]). Claimant's uncontroverted testimony indicated that he supplied direct support and assistance to first responders engaged in rescue and recovery efforts at ground zero; thus, the Board's determination that Workers' Compensation Law article 8-A applies is supported by substantial evidence and will not be disturbed (*see Matter of Victor v Steel Style, Inc.*, 56 AD3d 1099, 1101 [2008]).

Nor are we persuaded that the Board's decision concerning causal relationship is unsupported by substantial evidence because there was some medical evidence that claimant's injury was not caused by his experience at ground zero. A psychiatrist who evaluated claimant concluded that his symptoms were consistent with posttraumatic stress disorder and opined that this diagnosis was caused by claimant's experiences in September 2001. The Board was free to credit this testimony over that of other witnesses who attributed claimant's condition to different factors in his law enforcement career and his personal life, as " 'credibility determinations and the resolution of conflicting evidence are within the exclusive province of the Board' " (*Mat-*

---

\* The parties do not take issue with the date or location elements of the statute.

*ter of Krietsch v Northport-East Northport UFSD*, 116 AD3d 1255, 1257 [2014], quoting *Matter of Ward v General Utils.*, 100 AD3d 1113, 1113 [2012]; *see* Workers' Compensation Law § 20 [1]). Accordingly, the Board's determination will not be disturbed, despite medical evidence to the contrary (*see Matter of Krietsch v Northport-East Northport UFSD*, 116 AD3d at 1257; *Matter of Brown v New York City Dept. of Correction*, 74 AD3d 1592, 1593 [2010]; *Matter of Marillo v Cantalician Ctr. for Learning*, 263 AD2d 719, 721 [1999]).

Finally, we are not persuaded that the Board abused its discretion in declining to grant full Board review (*see* Workers' Compensation Law § 23; *Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689, 690 [1999]). In order to obtain review or reconsideration, "the movant must generally show that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (*Matter of D'Errico v New York City Dept. of Corrections*, 65 AD3d 795, 796 [2009], *appeal dismissed* 13 NY3d 899 [2009]; *see Matter of Kaja v Siller Bros., Inc.*, 74 AD3d 1511, 1512 [2010]; *Matter of Yarleque v Sally Lou, Inc.*, 73 AD3d 1294, 1294 [2010], *lv dismissed* 15 NY3d 770 [2010]). As HPD and its carrier failed to set forth any newly discovered evidence or allege a material change in condition in their application for full Board review, and the Board fully considered all of the evidence before it, we cannot conclude that the Board abused its discretion in denying full Board review or that such decision was arbitrary or capricious (*see Matter of Woods v New York State Thruway Auth.*, 93 AD3d 1050, 1051 [2012], *lv dismissed* 19 NY3d 1086 [2012]; *Matter of Barone v Interstate Maintenance Corp.*, 73 AD3d 1302, 1303 [2010]; *Matter of Yarleque v Sally Lou, Inc.*, 73 AD3d at 1295).

Lahtinen, Garry, Rose and Lynch, JJ., concur. Ordered that the decisions are affirmed, without costs.