*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 3, 2015          518653
_____

In the Matter of the Claim of
    YUJUAN SHENG,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
TIME WARNER CABLE, INC., et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        Yujuan Sheng, Briarwood, appellant pro se.

        Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E.
Wolinski of counsel), for Time Warner Cable, Inc. and another,
respondents.

_____

McCarthy, J.

        Appeal from a decision of the Workers' Compensation Board,
filed February 28, 2014, which denied claimant's application for
reconsideration and/or full Board review.

        Claimant sustained work-related injuries to her back and
left hip in 2005 and was awarded workers' compensation benefits.
Benefit payments stopped in 2007 when claimant returned to work.
Her employment apparently ended in April 2008 and she
subsequently raised the issues of permanency and reduced wages.
A Workers' Compensation Law Judge (hereinafter WCLJ) awarded

claimant additional benefits from April 11, 2008 to October 29, 2008, but found no further compensable lost time.  By a decision filed September 25, 2013, the Workers' Compensation Board affirmed, and claimant applied for reconsideration and/or full Board review.  That request was denied by the Board in a February 2014 decision, and claimant now appeals to this Court.

Inasmuch as claimant has appealed only from the Board's February 2014 decision denying her application for reconsideration and/or full Board review, the merits of the underlying decision are not before us (see Matter of Mazzaferro v Fast Track Structures, Inc., 106 AD3d 1302, 1302 [2013]; Matter of McCorkle-Spaulding v Lowe's, 95 AD3d 1513, 1514 [2012]).  Accordingly, our inquiry is limited to whether the Board's denial of the application was arbitrary or capricious or otherwise constituted an abuse of discretion (see Matter of Pucci v DCH Auto Group, 90 AD3d 1255, 1256 [2011]; Matter of Malone v VRD Decorating, 68 AD3d 1570, 1570 [2009], lv dismissed 14 NY3d 825 [2010]).  Here, claimant challenges the WCLJ's factual findings and contends that she should have been found to have a permanent disability.  Further, she argues that she did not receive a fair hearing, claiming that the WCLJ should have taken her testimony prior to rendering a decision.  Claimant's remedy regarding these issues was to appeal the Board's September 2013 decision, which she failed to do.  Under these circumstances, we cannot say that the Board's denial of claimant's application was arbitrary or capricious or an abuse of its discretion (see Matter of Barber v New York City Tr. Auth., 50 AD3d 1402, 1403 [2008]; Matter of Robinson v Interstate Natl. Dealer, 50 AD3d 1325, 1326 [2008]).

Lahtinen, J.P., Garry and Egan Jr., JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court