*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 3, 2015                  519644
_____

In the Matter of the Claim of
    LIAQAT ALI,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

LIBERTY LINES TRANSIT et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   August 20, 2015

Before:   Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        Vecchione Vecchione & Connors, Garden City Park (Sean
Dooley of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed December 24, 2013, which denied the application of the
employer and its workers' compensation carrier for
reconsideration and/or full Board review.

        Claimant, a bus driver, filed a claim for workers'
compensation benefits stating that he had suffered a stroke while
working.  Following a hearing, a Workers' Compensation Law Judge
determined that there was a causal relationship between

claimant's stroke and his employment and established the claim. That determination was upheld by the Workers' Compensation Board in a decision filed July 1, 2013. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) thereafter applied for reconsideration and/or full Board review. The Board denied the application in a decision filed on December 24, 2013. The employer now appeals.

We affirm. Inasmuch as the employer has only appealed from the Board's December 2013 decision denying its application for reconsideration and/or full Board review, the merits of the underlying July 2013 decision are not before us (see Matter of Kalkbrenner v Accord Corp., 123 AD3d 1303, 1304 [2014]; Matter of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1302-1303 [2010]). Therefore, our inquiry is limited to whether the Board's denial of the employer's application was arbitrary or capricious or otherwise constituted an abuse of discretion (see Matter of Mazzaferro v Fast Track Structures, Inc., 106 AD3d 1302, 1302 [2013]; Matter of Dipippo v Accurate Signs & Awnings, 88 AD3d 1044, 1045 [2011]). Here, the employer has failed to "show that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [2009], appeal dismissed 13 NY3d 899 [2009]; accord Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 997 [2015]). Accordingly, we cannot conclude that the Board acted in an arbitrary or capricious manner or abused its discretion in denying the employer's application.

Lahtinen, J.P., McCarthy and Garry, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court