*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   May 19, 2016                    520699
_____

In the Matter of the Claim of
    CHUKWUNENYE ONUOHA,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER
BJS CLUB 165 et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   April 18, 2016

Before:   Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

_____

        John F. Clennan, Ronkonkoma, for appellant.

        Vecchione, Vecchione & Connors, LLP, Garden City (Brian M.
Anson of counsel), for BJS Club 165 and another, respondents.

_____

Lahtinen, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed February 6, 2015, which denied claimant's request for
reconsideration and/or full Board review.

        Claimant suffered a work-related head injury in April 2010
and, upon application, was awarded workers' compensation
benefits.  His workers' compensation claim was later amended to
include depressive disorder.  Subsequently, the employer and its
workers' compensation carrier (hereinafter collectively referred
to as the employer) controverted the claim and, following a
hearing, a Workers' Compensation Law Judge (hereinafter WCLJ)

found that, based on the credible medical evidence presented, claimant had no further causally related disability subsequent to December 15, 2012. By decision filed November 7, 2014, the Workers' Compensation Board affirmed the WCLJ's decision. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant's appeal ensued.

We affirm. Inasmuch as claimant has appealed only from the Board's February 2015 denial of his request for reconsideration and/or full Board review, the merits of the underlying decision are not properly before us (see Matter of Ali v Liberty Lines Tr., 131 AD3d 1288, 1289 [2015]; Matter of Larberg v Suffolk County Police Dept., 128 AD3d 1303, 1303 [2015]). As such, our review is limited to ascertaining whether the Board's denial of claimant's application was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Sheng v Time Warner Cable, Inc., 131 AD3d 1283, 1284 [2015], lv dismissed 26 NY3d 1060 [2015]; Matter of Kalkbrenner v Accord Corp., 123 AD3d 1303, 1304 [2014]).

To that end, claimant argues that, in finding that claimant did not suffer a further causally related injury, it was an abuse of discretion for the Board to credit the testimony of the employer's psychologist over that of claimant's psychiatrist. Claimant's remedy in this regard, however, was to appeal the Board's November 2014 decision, which he failed to do. Notwithstanding, the Board is vested with the discretion to assess the credibility of medical witnesses, and its resolution of such issues is to be accorded great deference, particularly with regard to issues of causation (see Matter of Launer v Euro Brokers, 115 AD3d 1130, 1131 [2014], lv denied 23 NY3d 906 [2014]; Matter of Perez v Mondial Tiles, Inc., 104 AD3d 998, 998 [2013]). Under the circumstances presented, we cannot say that the Board's denial of claimant's application constituted an abuse of discretion or was otherwise arbitrary or capricious.

McCarthy, Garry, Rose and Aarons, JJ., concur.

-3-                          520699

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court