■ In the Matter of the Claim of DOROTA VON MAACK, Appellant, v WYCKOFF HEIGHTS MEDICAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [38 NYS3d 447]—

Devine, J. Appeal from a decision of the Workers' Compensation Board, filed July 3, 2014, which denied claimant's application for reconsideration and/or full Board review.

Claimant worked for the employer as a pharmacist and, as part of her duties, was involved in compounding chemotherapy drugs for the treatment of patients. She developed a persistent cough and breathing problems, allegedly due to her work environment, and filed a claim for workers' compensation benefits. The employer and its workers' compensation carrier controverted the claim. Following a number of hearings, a Workers' Compensation Law Judge concluded that claimant did not sustain a causally-related injury and disallowed her claim. A panel of the Workers' Compensation Board upheld the Workers' Compensation Law Judge's decision. Claimant unsuccessfully applied for reconsideration and/or full Board review, and she now appeals from the rejection of that application.

Inasmuch as claimant has only appealed from the decision denying her application for reconsideration and/or full Board review, the merits of the Board's underlying decision disallowing the claim are not properly before us (*see Matter of Sheng v Time Warner Cable, Inc.*, 131 AD3d 1283, 1284 [2015], *lv dismissed* 26 NY3d 1060 [2015]; *Matter of Ali v Liberty Lines Tr.*, 131 AD3d 1288, 1289 [2015]). Our inquiry is therefore limited to whether the Board's denial of claimant's application was "arbitrary and capricious or otherwise constituted an abuse of discretion" (*Matter of Onuoha v BJs Club 165*, 139 AD3d 1274, 1275 [2016]; *see Matter of Sheng v Time Warner Cable, Inc.*, 131 AD3d at 1284).

The record reveals that claimant failed to "show that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (*Matter of D'Errico v New York City Dept. of Corrections*, 65 AD3d 795, 796 [2009], *appeal dismissed* 13 NY3d 899 [2009]; *accord Matter of Ali v Liberty Lines Tr.*, 131 AD3d at 1289). Hence, we cannot say that the Board behaved in an arbitrary or capricious manner or abused its discretion in denying claimant's application for reconsideration and/or full Board review.

McCarthy, J.P., Garry, Clark and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.