*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 6, 2016                520854
_____

In the Matter of the Claim of
    DOROTA VON MAACK,
                        Appellant,

        v

WYCKOFF HEIGHTS MEDICAL CENTER
    et al.,                                    MEMORANDUM AND ORDER
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

                        _____

        Dorota Von Maack, Ridgewood, appellant pro se.

        William O'Brien, State Insurance Fund, New York City
(Charlotte Flynn of counsel), for Wyckoff Heights Medical Center
and another, respondents.

                        _____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 3, 2014, which denied claimant's application for
reconsideration and/or full Board review.

        Claimant worked for the employer as a pharmacist and, as
part of her duties, was involved in compounding chemotherapy
drugs for the treatment of patients.  She developed a persistent
cough and breathing problems, allegedly due to her work
environment, and filed a claim for workers' compensation

benefits.  The employer and its workers' compensation carrier controverted the claim.  Following a number of hearings, a Workers' Compensation Law Judge concluded that claimant did not sustain a causally-related injury and disallowed her claim.  A panel of the Workers' Compensation Board upheld the Workers' Compensation Law Judge's decision.  Claimant unsuccessfully applied for reconsideration and/or full Board review, and she now appeals from the rejection of that application.

Inasmuch as claimant has only appealed from the decision denying her application for reconsideration and/or full Board review, the merits of the Board's underlying decision disallowing the claim are not properly before us (see Matter of Sheng v Time Warner Cable, Inc., 131 AD3d 1283, 1284 [2015], lv dismissed 26 NY3d 1060 [2015]; Matter of Ali v Liberty Lines Tr., 131 AD3d 1288, 1289 [2015]).  Our inquiry is therefore limited to whether the Board's denial of claimant's application was "arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Onuoha v BJs Club 165, 139 AD3d 1274, 1275 [2016]; see Matter of Sheng v Time Warner Cable, Inc., 131 AD3d at 1284).

The record reveals that claimant failed to "show that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [2009], appeal dismissed 13 NY3d 899 [2009]; accord Matter of Ali v Liberty Lines Tr., 131 AD3d at 1289).  Hence, we cannot say that the Board behaved in an arbitrary or capricious manner or abused its discretion in denying claimant's application for reconsideration and/or full Board review.

McCarthy, J.P., Garry, Clark and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court