Lynch, J.
Appeal from a decision of the Workers’ Compensation Board, filed May 12, 2016, which denied claimant’s request for reconsideration and/or full Board review.
Claimant alleges that he was injured by inhaling dust and toxins at the World Trade Center site going back and forth to work in the days following the 2001 terrorist attack and that he fell and injured his shoulder. In 2014, claimant registered as a participant in the World Trade Center rescue, recovery and/or cleanup operations with the Workers’ Compensation Board (see Workers’ Compensation Law § 162) and thereafter filed a claim for workers’ compensation benefits for injuries suffered in 2001 at the site. A Workers’ Compensation Law Judge (hereinafter WCLJ) found that claimant was not a participant in the cleanup efforts at the World Trade Center site pursuant to Workers’ Compensation Law § 161 and, therefore, he was not entitled to the exception contained in Workers’ Compensation Law article 8-A to the general two-year filing requirement. Accordingly, the WCLJ denied the claim as untimely (see Workers’ Compensation Law § 28). The Board upheld the WCLJ’s determination in a decision filed on February 5, 2016. Claimant thereafter applied for reconsideration and/or full Board review. The Board denied the application in a decision filed on May 12, 2016, from which claimant now appeals.
We affirm. Inasmuch as claimant has only appealed from the decision denying his application for reconsideration and/or full Board review, the merits of the underlying decision are not properly before us (see Matter of Alamin v Down Town Taxi, Inc., 141 AD3d 975, 976 [2016], appeal dismissed 28 NY3d *1501 1153 [2017]; Matter of Larberg v Suffolk County Police Dept., 128 AD3d 1303, 1303 [2015]). Rather, our inquiry is limited to whether the Board’s denial of claimant’s application was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Onuoha v BJs Club 165, 139 AD3d 1274, 1275 [2016]; Matter of Sheng v Time Warner Cable, Inc., 131 AD3d 1283, 1284 [2015], lv dismissed 26 NY3d 1060 [2015]). Claimant challenges the findings of the WCLJ, contending that he is entitled to the Workers’ Compensation Law article 8-A time limit exception, and argues that he was denied a fair hearing. Claimant’s remedy regarding these issues was to appeal the Board’s February 2016 decision. Insofar as the record reflects that the Board considered all of the relevant material in rendering its initial decision and claimant did not present any new evidence that was previously unavailable, we decline to disturb the Board’s decision (see Matter of Kalkbrenner v Accord Corp., 123 AD3d 1303, 1304 [2014]; Matter of Mazzaferro v Fast Track Structures, Inc., 106 AD3d 1302, 1302 [2013]).
Garry, J.R, Clark, Mulvey and Aarons, JJ., concur.
Ordered that the decision is affirmed, without costs.