Matter of Seck v Quick Trak (2018 NY Slip Op 00877)





Matter of Seck v Quick Trak


2018 NY Slip Op 00877


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

525256

[*1]In the Matter of the Claim of ABDOULAYE SECK, Appellant,
v
QUICK TRAK c/o VELO CORPORATION OF AMERICA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Abdoulaye Seck, Springfield Gardens, appellant pro se.
William O'Brien, State Insurance Fund, New York City (Charlotte Flynn of counsel), for Quick Trak and another, respondents.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed October 31, 2016, which denied claimant's application for reconsideration and/or full Board review.
In September 1993, claimant, a bicycle courier, sustained work-related injuries when he was struck by a motor vehicle, and his claim for workers' compensation benefits was established. In March 1997, claimant was classified as permanently partially disabled and reduced earnings benefits were directed to continue
at a rate of $200 per week. Claimant's payments ceased in October 1998 when claimant returned to the workforce as a full-time computer technician and network administrator. Claimant remained employed in those capacities through July 2007 when the condition of his back prevented him from continuing to work. In December 2014, claimant filed a C-27 form asserting that his condition had changed and that he is now permanently totally disabled due to his previous work-related injury and requesting that the claim be reopened and services authorized. Following a hearing in February 2015, at which the employer argued that Workers' Compensation Law § 123 barred any further payment of benefits, a Workers' Compensation Law Judge held awards in abeyance for the period that claimant had worked, granted awards [*2]retroactively from January 1, 2008 to February 3, 2015 at a weekly rate of $200 and directed awards to continue at that rate. Upon administrative appeal, the Workers' Compensation Board, in a December 2015 decision, rescinded the awards made by the Workers' Compensation Law Judge, finding, among other things, that Workers' Compensation Law § 123 served to bar further proceedings because there had been a lapse of more than 18 years since the injury and eight years from the date of the last payment of compensation. Claimant did not appeal from that decision, but he subsequently applied for reconsideration and/or full Board review. The Board denied the application, and claimant now appeals.
We affirm. Inasmuch as claimant has appealed only from the Board's October 2016 decision denying his application for reconsideration and/or full Board review, the merits of the underlying Board decision are not before us (see Matter of Von Maack v Wyckoff Hgts. Med. Ctr., 143 AD3d 1019, 1020 [2016], lv dismissed 29 NY3d 965 [2017]; Matter of Sheng v Time Warner Cable, Inc., 131 AD3d 1283, 1284 [2014], lv dismissed 26 NY3d 1060 [2015]). Rather, our inquiry is limited to whether the Board's denial of claimant's application was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Cozzi v American Stock Exch., 148 AD3d 1500, 1501 [2017], lv dismissed 30 NY3d 937 [2017]; Matter of Onuoha v BJs Club 165, 139 AD3d 1274, 1275 [2016]). Here, claimant argued in his application for reconsideration and/or full Board review that the issue of the applicability of Workers' Compensation Law § 123 had not been properly developed because the case was not truly closed given that claimant received a payment of compensation in October 1998 and there was no evidence of when payments stopped. Claimant's remedy for these claims, however, was to appeal from the Board's December 2015 decision, which he did not do (see Matter of Cozzi v American Stock Exch., 148 AD3d at 1501; Matter of Onuoha v BJs Club 165, 139 AD3d at 1275). Moreover, inasmuch as the record before us reveals that claimant failed to adduce any new evidence that was previously unavailable or demonstrate that the Board improperly failed to consider any relevant evidence in making its decision, we cannot conclude that the Board's denial of claimant's application for reconsideration and/or full Board review was arbitrary and capricious or an abuse of its discretion (see Matter of Cozzi v American Stock Exch., 148 AD3d at 1501; Matter of Von Maack v Wyckoff Hgts. Med. Ctr., 143 AD3d at 1020; Matter of Ford v New York City Tr. Auth., 27 AD3d 792, 794 [2006], lv dismissed 7 NY3d 741 [2006]).
Egan Jr., J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.