Matter of Brasher v Sam Dell's Dodge Corp. (2018 NY Slip Op 01967)





Matter of Brasher v Sam Dell's Dodge Corp.


2018 NY Slip Op 01967


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

523096

[*1]In the Matter of the Claim of DAVID BRIAN BRASHER, Appellant,
v
SAM DELL'S DODGE CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.)

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


David Brian Brasher, Pulaski, appellant pro se.
Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for Sam Dell's Dodge Corporation, respondent.
William O'Brien, State Insurance Fund, Liverpool (Susan B. Marris of counsel), for State Insurance Fund, respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed April 22, 2016, which denied claimant's application for reconsideration and/or full Board review.
Claimant established two separate claims for workers'
compensation benefits for injuries suffered in 1986 and 2002. In 2015, a Workers' Compensation Law Judge determined that claimant had a 75% permanent partial disability, but suspended awards based upon a finding that he was not attached to the labor market. By a decision filed on January 21, 2016, the Workers' Compensation Board affirmed, and claimant applied for reconsideration and/or full Board review. The application was denied by the Board in a decision filed April 22, 2016, and claimant now appeals.
Inasmuch as claimant has only appealed from the Board's April 2016 decision denying [*2]his application for reconsideration and/or full Board review, the merits of the underlying decision are not before us (see Matter of Onuoha v BJs Club 165, 139 AD3d 1274, 1275 [2016]; Matter of Ali v Liberty Lines Tr., 131 AD3d 1288, 1289 [2015]). Therefore, our inquiry is limited to whether the Board's denial of claimant's application was arbitrary or capricious or otherwise constituted an abuse of discretion (see Matter of Cozzi v American Stock Exch., 148 AD3d 1500, 1501 [2017], lv dismissed 30 NY3d 937 [2017]; Matter of Sheng v Time Warner Cable, Inc., 131 AD3d 1283, 1284 [2015], lv dismissed 26 NY3d 1060 [2015]). In that regard, claimant has not shown "that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [2009], appeal dismissed 13 NY3d 899 [2009]; accord Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016]). To the contrary, claimant maintained that he was totally disabled because he could not fill out applications and should not have to be attached to the labor market, a contention inconsistent with the findings of his own physicians that he had a 75% permanent partial disability. Accordingly, we cannot conclude that the Board acted in an arbitrary or capricious manner or abused its discretion in denying claimant's application.
McCarthy, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.