Matter of Oparaji v Books & Rattles (2019 NY Slip Op 00172)





Matter of Oparaji v Books & Rattles


2019 NY Slip Op 00172


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

526894

[*1]In the Matter of the Claim of MAURICE OPARAJI, Appellant,
v
BOOKS & RATTLES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. 

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.




MEMORANDUM AND ORDER
Maurice Oparaji, Rosedale, appellant pro se.
William O'Brien, State Insurance Fund, New York City (Rudolph Rosa DiSant of counsel), for Books & Rattles and another, respondents.
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed October 27, 2017, which denied claimant's application for reconsideration and/or full Board review.
In 2008, claimant injured his neck and chest at work and his claim for workers' compensation benefits was established. The claim was later amended in 2010 to include injuries to both arms. In 2014, claimant filed a request for further action raising the issue of a causally-related heart condition, hypertension and mitral regurgitation. In August 2017, a panel of the Workers' Compensation Board decided that claimant had not demonstrated a causal relationship between his work accident and heart condition, hypertension or mitral regurgitation. Claimant unsuccessfully applied for reconsideration and/or full Board review of that decision, and he now appeals from the denial of that application.
Inasmuch as claimant has only appealed from the decision denying his application for reconsideration and/or full Board review, the merits of the Board's underlying decision are not properly before us (see Matter of Seck v Quick Trak, 158 AD3d 919, 920 [2018]; Matter of Onuoha v BJs Club 165, 139 AD3d 1274, 1275 [2016]). Therefore, our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Von Maack v Wyckoff Hgts. Med. Ctr., 143 AD3d 1019, 1020 [2016], lv dismissed 29 NY3d 965 [2017], cert denied ___ US ___, 138 S Ct 993 [2018]; Matter of Sheng v Time Warner Cable, Inc., 131 AD3d 1283, 1284 [2015], lv dismissed 26 NY3d 1060 [2015]). The record reflects that the Board considered the evidence [*2]and issues before it, and claimant did not demonstrate the existence of newly discovered evidence or a material change in condition in support of his application (see Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016]; Matter of Woods v New York State Thruway Auth., 93 AD3d 1050, 1051 [2012], lv dismissed 19 NY3d 1086 [2012]). Accordingly, we cannot say that the Board's denial of the application was arbitrary, capricious or an abuse of discretion.
Lynch, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.