Matter of Teabout v Albany County Sheriff's Dept. (2020 NY Slip Op 00012)





Matter of Teabout v Albany County Sheriff's Dept.


2020 NY Slip Op 00012


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

526922

[*1]In the Matter of the Claim of Michele A. Teabout, Appellant,
v
Albany County Sheriff's Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Law Firm of Alex Dell, PLLC, Albany (Nicholas A. Fusco of counsel), for appellant.
Walsh & Hacker, Albany (Peter J. Walsh of counsel), for Albany County Sheriff's Department and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed December 14, 2017, which denied claimant's request for reconsideration and/or full Board review.
In 1997, claimant sustained a work-related injury to her foot and a claim for workers' compensation benefits was established. The claim was subsequently amended twice to include other injuries. The self-insured employer thereafter raised the issue of whether claimant violated Workers' Compensation Law § 114-a and, following a hearing, a Workers' Compensation Law Judge found that claimant violated the statute. A penalty of a rescission of awards, as well as a disqualification of future awards, was imposed. In a September 2017 decision, a panel of the Workers' Compensation Board upheld the Workers' Compensation Law Judge's determination. Claimant submitted an application for reconsideration and/or full Board review. In a December 2017 decision, the Board denied the application. Claimant appeals. We affirm.
Initially, we note that claimant has appealed solely from the December 2017 decision denying her application for reconsideration and/or full Board review. As a consequence, our review is limited to whether the Board's denial of claimant's application was arbitrary or capricious or otherwise constituted an abuse of discretion (see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [2019]; Matter of Oparaji v Books & Rattles, 168 AD3d 1209, 1209 [2019]; Matter of Ali v Liberty Lines Tr., 131 AD3d 1288, 1289 [2015]). On appeal, claimant directs her arguments towards her perceived errors with the Board's September 2017 decision. The merits of that decision, however, are not properly before us (see Matter of Duncan v Crucible Metals, 165 AD3d 1377, 1378 [2018]; Matter of Sheng v Time Warner Cable, Inc., 131 AD3d 1283, 1284 [2015], lv dismissed 26 NY3d 1060 [2015]). Because the record discloses no new evidence that was previously unavailable, no material change in condition or any failure by the Board to consider the relevant evidence in reaching its ultimate decision, we find that the denial of claimant's application for reconsideration and/or full Board review was not arbitrary, capricious or an abuse of discretion (see Matter of Seck v Quick Trak, 158 AD3d 919, 921 [2018]; Matter of Bland v Gellman, Brydges & Schroff, 151 AD3d 1484, 1489 [2017], lv dismissed and denied 30 NY3d 1035 [2017], cert denied ___ US ___, 139 S Ct 240 [2018]; Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016]).
Egan Jr., J.P., Clark and Devine, JJ., concur.